UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14292-CIV-CANNON

**SCOTT A. PRINCIPE, MARY DOWNMAN PRINCIPE,** and **DAVID A. STEEN**,

    Plaintiffs,

v.

**OKEECHOBEE COUNTY MUNICIPALITY,**
**MICKEY L. BANDI** *Okeechobee County Property Appraiser*,
and **CELESTE WATFORD** *Okeechobee County Tax Collector*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND PERMITTING REPLEADING

**THIS CAUSE** comes before the Court upon the *pro se* Complaint filed by Plaintiffs Scott A. Principe, Mary Downman Principe, and David A. Steen [ECF No. 1]. The Court has reviewed the Complaint and is otherwise fully advised in the premises. Upon review, Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**, with leave to file an amended complaint in accordance with this Order, on or before **October 7, 2024.**

***

Plaintiffs, proceeding pro se, filed a lengthy Complaint with several attachments against Defendants Okeechobee County Municipality, Mickey L. Bandi, and Celeste Watford on September 6, 2024 [ECF No. 1]. As far as the Court can tell, Plaintiffs allege that Defendants improperly labeled Plaintiffs' mobile home on the county's assessment roll, leading to negative tax and property implications [ECF No. 1]. Plaintiffs purport to bring claims for various federal and state law criminal prohibitions, along with a federal due process claim pursuant to Section

1983, among other claims. Overall, the Complaint largely contains recitations of various legal provisions, with no discernable narrative as to the factual basis for Plaintiffs' theories.

Because Plaintiffs proceed *pro se* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen the complaint. That statute provides, in pertinent part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Under this framework, the Court first examines whether the Complaint is frivolous or fails to state a claim. *See Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990). Although courts afford *pro se* litigants leeway in pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are required to meet certain essential burdens in their pleadings, *see Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990), and courts do not have license to rewrite an otherwise deficient pleading, *GJR Investments, Inc., v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Even affording Plaintiff the latitude afforded to *pro se* litigants, the Court determines that the Complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) as an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2). The Complaint consists of a list of allegations without clearly "separating into a different count each cause of action or claim for relief," and it asserts multiple claims "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Additionally, the Complaint alleges several violations of federal and state criminal statutes, which do not provide a

private right of action. Finally, the Complaint lacks an understandable factual basis from which to comprehend the genesis of Plaintiffs' claims or how they might interact with violations of law. Because of these defects, the Complaint fails to give Defendants adequate notice of the claims brought against them. Repleader is warranted.

Upon review, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE.**

2. **Plaintiffs are given leave to file an amended complaint, but any such amended complaint is due no later than October 7, 2024, and must fully comply with this Order.**

3. Any amended complaint must clearly set forth the allegations supporting each claim for relief; separate each cause of action or claim for relief into a different count (identifying clearly who is being sued in which count); clearly identify the legal basis underlying each count asserted; and clearly and specifically identify which defendant is responsible for which acts or omissions, without commingling actors in a confusing manner. Nor can the amended complaint contain any successive counts that incorporate all prior allegations. In sum, the complaint must give each specific defendant adequate notice of each claim against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1321–23.

4. **Plaintiff is advised that no private right of action exists for private citizens to sue under federal or state criminal statutes**. Those laws are enforceable by the United States and/or the State of Florida in criminal prosecutions, not civil actions.

5. Failure to submit a timely amended complaint that complies with these requirements will result in dismissal without further notice.

      6. The **CLERK** shall **MAIL** a copy of this Order to Plaintiffs at the addresses listed below.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida, this 9th day of September 2024.

 

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    Scott A. Principe
       896 NE 104th Ct
       Okeechobee, Florida 34974
       PRO SE

       Mary Downman Principe
       896 NE 104th Ct.
       Okeechobee, Florida 34974
       PRO SE

       David A. Steen
       2114 SE 34th Ln.
       Okeechobee, Florida 34974
       PRO SE