# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT PIERCE DIVISION



Case No._24CV 14292AMC            - CV-            **Judge Canon**


Scott A. Principe and
Mary Downam Principe
David A. Steen,

    Plaintiffs,

v.

Okeechobee county Municipality
Okeechobee County Property Appraiser
Mickey L. Bandi
Okeechobee County Tax Collector
Celeste Watford

    Defendants.

_____/

## Amended
## COMPLAINT

    Comes now the Plaintiffs, Scott A. Principe, Mary Downam Principe, and
David A. Steen and sues Defendants Okeechobee County Municipality, Okeechobee
County Property Appraiser Mickey L. Bandi, Individually, Okeechobee County Tax
Collector, Individually, and states:

## INTRODUCTORY STATEMENT

1.This is an action for damages sustained by the Plaintiffs citizens of the United States against Okeechobee County Municipality, and the employee Property Appraiser Mickey L. Bandi, and employee Tax Collector Celeste Watford. Mickey L. Bandi Property Appraiser for his improper training and the improper training of the employees under his supervision causing the improper assessment of the Plaintiffs property without lawful authority from the Florida Constitution, Florida Statutes, and the department of revenue codes and violating the Plaintiff's rights to own property. Plaintiffs bring suit against Tax Collector Celeste Watford for her improper training and the improper training of her employees under her supervision. This has caused false tax claims against the Plaintiff's properties and the sale of unlawful tax certificates to the Plaintiff's property absent of any lawful authority or any ownership, rights, and interest in the Plaintiff's property violating the Plaintiffs rights to own, enjoy, use, and dispose of their property. The Plaintiffs bring an action against the Okeechobee County Municipality for not having the appropriate policies, procedures, and practices being the ultimate policy maker to assure the property Appraiser and the Tax Collector are properly trained and complying with the Constitution, Statutes, and codes, as a safeguard to prevent a Constitutional violation of the Plaintiff's property rights.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of Florida.

3. The jurisdiction of this Court is predicated on 28 U.S § 1331.

4.   Venue is placed in the United States District Court for the Southern District of Florida because it is where all parties reside and where the events complained occurred.

1

## PARTIES

5. Plaintiffs Scott A. Principe, Mary Downam Principe, and David A. Steen (hereinafter "Plaintiffs").

6. Defendant, Okeechobee County Municipality (hereinafter "COUNTY"), is a political subdivision of the State of Florida, a Florida municipal corporation, and at all times relevant hereto, it employes Defendant Micky L. Bandi Property Appraiser of Okeechobee County, and Okeechobee County Tax Collector Celeste Watford.

7. At all times relevant hereto and in all actions described herein, Defendant Property Appraiser Micky L. Bandi (hereinafter referred to as "BANDI"), was acting under color of law as Property Appraiser and in such capacity, as the agent, servant and employee of the Defendant, County.

8. Defendant Okeechobee County Tax Collector Celeste Watford (hereinafter referred to as "WATFORD"), was acting under color of law as Tax Collector and in such capacity as the agent, servant and employee of Defendant, COUNTY.

## FACTUAL ALLEGATIONS

9. The Plaintiffs have the right to own property.

10. The Defendant BANDI has no training in the Florida Constitution.

11. The Defendant BANDI has no training in the Florida Statutes.

12. The Defendant BANDI has no training in the Florida Revenue Codes.

13. The employees under the supervision of Defendant BANDI have no training in the allegations said in 10 - 12.

14. The Defendant BANDI, being the Okeechobee County Property Appraiser assessed the Plaintiff's property under the color of law.

2

15. When an assessment cannot be done lawfully an unlawful assessment cannot take its place.

16. The Defendant WATFORD has no training in the Florida Constitution.

17. The Defendant WATFORD has no training in the Florida Statutes.

18. The Defendant WATFORD has no training in the Florida Revenue Codes.

19. The employees under the supervision of Defendant WATFORD have no training in allegations said in 15 – 18.

20. The Defendant WATFORD, being the Okeechobee County Tax Collector made tax claims against the Plaintiff's property under color of law.

21.The Defendant WATFORD, being the Okeechobee County Tax Collector sold tax certificates to the Plaintiff's property under the color of law.

22. The Defendant COUNTY failed to enforce any training for Defendant BANDI that would have prevented the deprivation of the Plaintiff's property rights.

23. The Defendant COUNTY failed to enforce any training for Defendant WATFORD that would have prevented the deprivation of the Plaintiff's property rights.

24. The Defendant COUNTY failed to enforce any training for Defendant WATFORD that would have prevented the unlawful sale of tax certificates to the Plaintiff's property without Due Process.

## COUNT I

**(Deprivation of Rights While Acting Under The color of law 42U.S.C. § 1983 – Against Defendant COUNTY on behalf of PLAITIFFS)**

25. PLAINTIFFS realleges and reincorporates paragraphs 1- 24 herein by reference.

26. This cause of action is brought by PLAINTIFFS against Defendant COUNTY, for deprivation by its agents, servants, or employees namely Defendants BANDI and WATFORD, of constitutional rights within the meaning of 42 U.S.C. § 1983.

27. Defendant BANDI was acting under the color of law, as an authorized agent of Defendant COUNTY while placing the Plaintiff's property/shelter on the commercial tax roll.

28. The constitutional deprivation was caused by Defendant COUNTY's multiple areas of deliberate indifference including:

   a) Failure to have the property appraiser appropriately trained in the proper procedure of the assessment of property.

   b) Failure to have the employees under the property appraiser's supervision appropriately trained in the proper procedure of the assessment of property.

   c) Failure to assure compliance with the laws of Florida's assessment of property.

29. The above-described actions of the Defendant COUNTY resulted in the practices of simulated legal process by the agents, servants, or employees of Defendant COUNTY deprived Plaintiff's of rights and privileges under the Fifth and Fourteenth Amendments of the United States Constitution.

30. Defendant BANDI violated Plaintiff's substantive rights, while under the color of law, by using methods of the assessment of the Plaintiff's property that were grossly disproportionate in relation to the need for action.

31. Defendant BANDI violated the Plaintiff's substantive rights, while acting under the color of law, of the assessment of the Plaintiff's non – commercial property that were grossly disproportionate in relation to the need for action.

4

32. As a direct and proximate result of the above-mentioned unconstitutional acts of BANDI and WATFORD while agents, servants, employees of Defendant COUNTY, the unconstitutional policies, customs, and practices of Defendant COUNTY, Plaintiffs were deprived of their substantive rights through the reckless and callously indifferent to the federally protected rights of the Plaintiffs.

WHEREFORE, Plaintiffs, hereby ask this Honorable Court to grant the following relief against the Defendant COUNTY:

    A. Award compensatory damages,

    B. Award punitive damages,

    C. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

    D. Award such other and further relief as this Honorable Court deems just and proper.

COUNT II

(violation of Substantive Rights While Acting Under the Color of Law 42 U.S.C. § 1983 – Against Defendant BANDI, individually on behalf of Plaintiffs)

33. Plaintiffs reallege and reincorporate paragraphs 1 – 24 herein by reference.

34. This cause of action is brought by Plaintiffs, against Defendant, BANDI, for deprivation of Constitutional Rights in the meaning of 42 U.S.C. § 1983.

35. Defendant BANDI is the Property Appraiser of Okeechobee County and as such is responsible for the implementation and promulgation of official policy over his subordinates

5

36. BANDI was deliberately indifferent to the need for adequate training and supervision for his subordinates, the failure of which caused constitutional violations upon the citizenry in general and Plaintiffs in particular.

37. The constitutional deprivation caused by Bandi's multiple areas of deliberate indifference include:

    a) Failure to have subordinates appropriately trained in the proper procedure of the assessment of property according to the Florida Constitution.

    b) Failure to have subordinates appropriately trained in the assessment of property according to the Florida Statutes.

    c) Failure to have subordinates appropriately trained in the assessment of property according to the Florida Revenue Code

    d) Failure to have subordinates appropriately trained in Florida Revenue Code applications for homestead exemption.

38. As a direct and proximate result of the above – mentioned unconstitutional acts of BANDI, while an agent, servant, or employee of Defendant COUNTY, Plaintiffs were deprived of their substantive natural rights through reckless customs, practices, and policies of the assessment of property has caused the Plaintiffs mental distress and humiliation.

39. Defendant BANDI assessed the Plaintiff's property using a commercial classification Under the Color of Law.

WHEREFORE, Plaintiffs, hereby ask this Honorable Court to grant the following relief against the Defendant BANDI:

A. Award compensatory damages,

B. Award punitive damages,

C. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

D. Award such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

## COUNT III

**(violation of Substantive Rights While Acting Under Color of Law 42 U.S.C. § 1983 – Against Defendant WATFORD Individually on behalf of Plaintiffs)**

40. Plaintiffs realleges and reincorporates paragraphs 1 – 24 herein by reference.

41. This cause of action is brought by Plaintiffs, Against Defendant, WATFORD, for deprivation of Constitutional Rights within the meaning of 42 U.S.C. § 1983.

42. Defendant WATFORD is the Okeechobee County Tax Collector and as such is responsible for the implementation and promulgation of official policy for her subordinates.

41. WATFORD was deliberately indifferent to the need for adequate training and supervision for her subordinates, the failure of which caused constitutional violations upon the citizenry in general and the Plaintiffs in particular.

43. The constitutional deprivations caused by WATFORD's multiple areas of deliberate indifference include:

a) Failure to have subordinates appropriately trained in the proper procedure for the correct property subject to be taxed according to Florida laws.

b) Failure to have subordinates appropriately trained in the proper procedure for the correct property subject to be taxed according to the Florida Department of Revenue.

c) As a direct and proximate result of the above–mentioned unconstitutional acts of WATFORD while an agent, servant, or employee of Defendant COUNTY, the unconstitutional and reckless policies, customs, and practices of Defendant COUNTY Plaintiffs were deprived of their Substantive Rights and has caused the Plaintiffs mental distress and humiliation.

WHEREFORE, Plaintiffs, hereby asks this Honorable Court to grant the following relief against the Defendant WATFORD:

A. Award compensatory damages,

B. Award punitive damages,

C. Award reasonable attorney's fees and costs pursuant to 42 U.S.C § 1988; and

D. Award such other and further relief as this Honorable court deems just a

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

## COUNT IV

**(Violation of Substantive Rights While Acting Under the Color of Law 42 U.S.C. § 1983 – Against Defendant WATFORD, individually on behalf of Plaintiffs)**

43. Plaintiffs realleges and reincorporates paragraphs 1 - 24 herein by reference.

44. This cause of action is brought by Plaintiffs, against Defendant WATFORD for the willful, wanton, and reckless conduct under the color of law that deprived Plaintiffs of Constitutionally protected rights under the Fifth and Fourteenth Amendments of the United States Constitution.

45. Defendant WATFORD violated Title 42 U.S.C. § 1983 by exerting control over the Plaintiff's property by selling tax certificates to the Plaintiff's property absent of any lawful authority.

46. Defendant WATFORD selling tax certificates to the Plaintiff's property absent of having any ownership, rights, or interest in the plaintiff's property nor any lawful

9

authority and without any due process in violation of the Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution.

47. Under the Fifth and Fourteenth Amendments nor shall any person be deprived of life, liberty, or property without due process. **See Parratt v. Taylor 451 U.S. 527 (1981) see also Fuentes v. Shevin 407 U.S. 67 (1972).**

48. Plaintiffs realleges and reincorporates all evidence filed into the Court.

WHEREFORE, Plaintiffs, hereby ask this Honorable Court to grant the following relief against the Defendant WATFORD:

    A.  Award compensatory damages,

    B.  Award punitive damages,

    C.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

    D.  Award such other and further relief as this Honorable Court deems just and proper.

10-4-24
Dated: Month, day, year

David A. Steen
ON 180

2114 SE 34th LN

Okeechobee, FL, 34974

863 697-2243

Respectfully submitted,

SCOTT A. PRINCIPE
Name of Filer

Scott Principe
Attorney Bar Number *(if applicable)*

_____
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

896 NE 104th ct.
Street Address

OKEECHOBEE FL, 34974
City, State, Zip Code

Telephone: 863-634-8256

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant *[Party name(s)]*
*(if applicable)*

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by

_____ [specify method of service] on _____ [date]

on all counsel or parties of record on the Service List below.

_____
Signature of Filer

10-04-24
_____
Dated: Month, day, year

Respectfully submitted,

Mary Downam Principe
_____
Name of Filer

Mary _____
Attorney Bar Number *(if applicable)*

_____
Attorney E-mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

896 NE 104th Ct
_____
Street Address

Okeechobee FL 34974
_____
City, State, Zip Code

Telephone: 863-634-8257
_____

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant *[Party name(s)]*
*(if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by

_____ *[specify method of service]* on _____ *[date]*

on all counsel or parties of record on the Service List below.

_____
Signature of Filer