UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

SCOTT A. PRINCIPE, MARY DOWNMAN
PRINCIPE, and DAVID A. STEEN,

    Plaintiffs,

v.                                          Case No. 24-14292-CIV-CANNON

OKEECHOBEE COUNTY MUNICIPALITY,
MICKEY L. BANDI *Okeechobee County
Property Appraiser*, and CELESTE WATFORD
*Okeechobee County Tax Collector*,

    Defendants.
_____/

## DEFENDANT OKEECHOBEE COUNTY'S MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), Defendant Okeechobee County Municipality (the "County"), moves to dismiss Plaintiff's Amended Complaint (Doc. 14), as to the claims against the County and states as follows.

## INTRODUCTION AND BACKGROUND

This is a civil rights action brought under 42 U.S.C. 1983. Plaintiffs, Scott Principe, Mary Principe, and David Steen, proceeding pro se, appear to allege claims related to their property rights. According to Plaintiffs, the County lacked appropriate policies and procedures for training employees regarding tax assessments. The problem for Plaintiffs is that Defendants Mickey Bandi, Okeechobee County Property Appraiser, and Celeste Watford, Okeechobee County Tax Collector, are not County employees—they are constitutional officers and elected officials. The County moves to dismiss because Plaintiffs fail to state a claim upon which relief can be granted.

As best can be gathered from the Amended Complaint, Plaintiffs claim that the Defendants lacked the proper training in the Florida Constitution, statutes, and revenue codes. (Doc. 14 at ¶10–12, 15–18). Plaintiffs further allege that the County failed to enforce training that would have prevented the deprivation of Plaintiffs' property rights or the unlawful sale of tax certificates. (Doc. 14 at ¶22–24). These assertions are premised on the allegations that the County employs the Property Appraiser and the Tax Collector. (Doc. 14 at ¶6–8).

Under Count 1, Plaintiffs state that this cause of action is brought against the County "for deprivation by its agents, servants, or employees, namely Defendants Bandi and Watford." (Doc. 14 at 4). Plaintiffs allege that the County's failure to train "resulted in the practices of simulated legal process by the agents, servants, or employees of [the County] deprived Plaintiffs of rights and privileges under the Fifth and Fourteenth Amendments." (Doc. 14 at ¶29). There are no additional facts alleged in support of Plaintiffs' claims.

The County asks the Court to dismiss for three reasons. First, the Amended Complaint is replete with vague and conclusory allegations, rendering it a shotgun pleading. Second, tax collectors and property appraisers are constitutional officers of the State of Florida, not County employees. *See* Fla. Const. Art VIII § 1(d). Third, Plaintiffs' bare allegations fail to state a claim under § 1983 against the County.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although particularity is not required, "the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted). This requirement is driven by pragmatic considerations.

Along with Rule 8's requirements, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is satisfied when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* At bottom, a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Complaints that violate these basic rules are often called a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The 'self-evident' purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov*, 986 F. 3d at 1324. These rules also were written to assist the court in determining "which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted[.]" *Id.* Shotgun pleadings are forbidden and courts have "little tolerance for them." *Id.*

In considering a motion to dismiss, the court must accept the factual allegations in the complaint as true and evaluate all inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. The court can also infer "obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation and alterations omitted).

## ARGUMENT

The Court should dismiss the Amended Complaint as to the County for three reasons. First, the Amended Complaint is a shotgun pleading. Plaintiffs' allegations are vague and conclusory, leaving the County and the Court with the task of piecing together the claims. Simply put, the Amended Complaint fails to put the County on notice of the Plaintiffs' claims. Second, Plaintiffs claims are based on allegations that Defendants Bandi and Watford are employees of the County. Yet these are constitutional officers acting separate and apart from the County. Third, Even liberally construing Plaintiff's Amended Complaint, the facts are grossly insufficient to support any cognizable claim for relief under § 1983. Thus, the Court should dismiss the claims as to the County.

To start, the Eleventh Circuit has identified four categories of shotgun pleadings: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1322–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiffs' complaint fits the mold of the second category. Plaintiffs generally allege that the Property Appraiser and Tax Collector lacked training in the Florida Constitution, the Florida Statutes, and the Florida Revenue Codes. Plaintiffs further claim that these Defendants acted under

the color of law and violated Plaintiffs' Fifth and Fourteenth Amendment rights. Yet there are no allegations explaining how those rights were allegedly violated. Nor are there any facts about the County's involvement other than their alleged failure to enforce training. Plaintiffs fail to allege any custom, practice, or policy on the part of the County to violate individuals' rights in the manner complained of by Plaintiffs. At bottom, Plaintiffs' Amended Complaint fails to give the County adequate notice of the claims that are raised against the County. *See id.*

Moving to the second argument, the County is not vicariously liable under Plaintiffs' allegations because Defendants Bandi and Watford are not County employees. Rather, tax collectors and property appraisers are constitutional officers elected by the electors of each county. Fla. Const. Art VIII § 1(d). These officers are governed by comprehensive statutory schemes. Chapter 197 governs tax collections and describes the duties of tax collectors. Among other things, the tax collector "has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs, by sale of tax certificates on real property and by seizure and sale of personal property." § 197.332, Fla. Stat. Likewise, Chapter 193 explains the duties of property appraisers. *See* § 193.023, Fla. Stat. Plaintiffs' allegations concern actions governed by Florida Statutes; the allegations do not support a duty on the part of the County to implement any training or policies on these constitutional officials.

Finally, even liberally construing the Amended Complaint, Plaintiffs fail to state a claim against the County under § 1983. The Supreme Court has strictly limited municipal liability under § 1983. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658 (1978). Municipal liability under § 1983 is limited to acts which the municipality has officially sanctioned or ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 480 (1986).

Here, Plaintiffs allege no facts that suggest that the County has any official policy related to the claims. Nor do Plaintiffs allege sufficient facts to show that the County has the final authority to establish a policy concerning the actions at issue. To the contrary, the statutory provisions in, among others, Chapters 193 and 197 regarding assessments and tax collections govern the officers' duties. To the extent that Plaintiffs allege that additional training would have prevented whatever injury they claim took place, those allegations are not enough. *See Harris*, 489 U.S. at 391. ("Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."). Simply put, Plaintiffs fail to state a claim for relief against the County.

## Conclusion

Wherefore, Defendant Okeechobee County requests that this Court enter an Order granting this Motion to Dismiss as to the claims against Okeechobee County and any further relief deemed just.

Respectfully submitted,

*Geraldo F. Olivo, III*
Geraldo F. Olivo, III, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Scott A. Principe
896 NE 104th Court
Okeechobee, Florida 34974
principescott3@gmail.com
*Pro Se Plaintiff*

Mary Downman Principe
896 NE 104th Court
Okeechobee, Florida 34974
principemary@gmail.com
*Pro Se Plaintiff*

David A. Steen
2114 SE 34th Lane
Okeechobee, Florida 34974
murfy196755@gmail.com
*Pro Se Plaintiff*

HENDERSON, FRANKLIN,
STARNES & HOLT
*Counsel for Defendants*
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1168
jerry.olivo@henlaw.com
sarah.howie@henlaw.com

By: */s/ Geraldo F. Olivo, III*
Geraldo F. Olivo, III
Florida Bar No. 0060905