**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO: **2:24-cv-14292-AMC**

**SCOTT A. PRINCIPE**, **MARY
DOWNMAN PRINCIPE**, and **DAVID
A. STEEN**,

        Plaintiffs,

vs.

**OKEECHOBEE COUNTY MUNICIPALITY**,
**MICKEY L. BANDI** , Okeechobee County
Property Appraiser, and **CELESTE WATFORD**,
Okeechobee County Tax Collector,

        Defendants.

_____/

**DEFENDANTS', PROPERTY APPRAISER AND TAX COLLECTOR, MOTION TO
DISMISS COUNTS II, III, AND IV OF PLAINTIFFS' AMENDED COMPLAINT**

        Defendants, Mickey Bandi, in his individual official capacity as Okeechobee

County Property Appraiser (property appraiser), and Celeste Watford, in her individual official

capacity as Okeechobee County Tax Collector (tax collector), by and through the undersigned

counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully move

this Court to dismiss with prejudice the Amended Complaint [Doc. 14], filed herein by the

Plaintiffs, Scott A. Principe, Mary Downam Principe, and David A. Steen (plaintiffs), and, as

grounds therefor, say:

        1.     Plaintiffs allege in their Amended Complaint that the Defendants violated

their substantive rights while acting under the color of law pursuant to 42 U.S.C. § 1983.  Plaintiffs

filed their Complaint in this case on September 6, 2024.  [Doc. 1].  Plaintiffs alleged that there was

no lawfully promulgated procedure to tax the plaintiffs' property, so plaintiffs' property was unlawfully taxed using commercial taxing procedures. [*Id.*] Plaintiffs argued that such conduct was criminal, violated the United States and Florida constitutions, and was unlawful under both federal and state law. [*Id.*] The factual allegations of plaintiffs' initial complaint failed to include facts supporting plaintiffs' claims. [*Id.* at pp. 2-27] The initial complaint contained eleven counts stating that the defendants violated various provisions of the United States and Florida Constitutions and both federal and state law. [*Id.* at pp. 28-39]

      2.     After plaintiffs filed their complaint, this Court issued an Order Dismissing Complaint without Prejudice and Permitting Repleading. [Doc. 6] This Court found that plaintiffs' complaint was an impermissible shotgun pleading and stated:

> Even affording Plaintiff the latitude afforded to pro se litigants, the Court determines that the Complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) as an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2). The Complaint consists of a list of allegations without clearly 'separating into a different count each cause of action or claim for relief,' and it asserts multiple claims 'against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.' *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Additionally, the Complaint alleges several violations of federal and state criminal statutes, which do not provide a private right of action. Finally, the Complaint lacks an understandable factual basis from which to comprehend the genesis of Plaintiffs' claims or how they might interact with violations of law. Because of these defects, the Complaint fails to give Defendants adequate notice of the claims brought against them. Repleader is warranted.

[Doc. 6 at pp. 2-3]

      3.     Plaintiffs timely filed their Amended Complaint on October 4, 2024. [Doc. 14] They filed suit against the "Okeechobee County Municipality," Mickey Bandi in his individual capacity and as the Okeechobee County Property Appraiser, and Celeste Watford in her individual

capacity and as the Okeechobee County Tax Collector.  [Doc. 14 at p. 1]  The facts included in the amended complaint are scarce and plaintiffs failed to attach any exhibits to support their allegations.  [Doc. 14 at p. 2-3]  Plaintiffs provide a brief set of facts concerning the property appraiser.  Plaintiffs own the subject properties located in Okeechobee County, Florida.  [*Id.* at ¶ 9]  The property appraiser assessed the subject properties according to Florida law.  [*Id.* at ¶ 14]  Neither the property appraiser, nor his employees, are trained on the Florida constitution, Florida statutes, or the Florida revenue code.  [*Id.* at ¶¶ 10-13]

4.      Plaintiffs provide a similar set of factual allegations for the tax collector.  [Doc. 14. at p. 3]  The tax collector requested Plaintiffs pay the required taxes on the subject properties pursuant to Florida law.  [*Id.* at ¶ 20]  When plaintiffs failed to pay the taxes on the subject properties, the tax collector sold tax certificates to the properties.  [*Id.* at ¶ 21]  Neither the tax collector, nor her employees, are trained on the Florida constitution, Florida statutes, or the Florida revenue code.  [*Id.* at ¶¶ 16-19]

5.      Plaintiffs' Amended Complaint contains four counts, three of which involve the property appraiser and tax collector.  [Doc. 14 at pp. 3-10]  Count II alleges that the property appraiser deprived plaintiffs of their constitutional rights within the meaning of 42 U.S.C. § 1983.  [*Id.* at ¶ 34]  Plaintiffs allege that the property appraiser was indifferent to the need for adequate training and supervision of his employees, which violated plaintiffs' constitutional rights.  [*Id.* at ¶ 36]  Plaintiffs claim the property appraiser's failure to train his employees in proper assessment procedure pursuant to the Florida constitution, Florida statutes, and Florida revenue code deprived plaintiffs of their substantive natural rights.  [*Id.* at ¶¶ 37-38]  Finally, plaintiffs claim that the property appraiser improperly assessed their properties using a commercial classification.  [*Id.* at ¶ 39]

6.      Counts III and IV involve the tax collector.  [Doc. 14 at pp. 7-10]  Both counts allege that the tax collector violated plaintiffs' substantive rights pursuant to 42 U.S.C. § 1983. [*Id.*]  Count III states that the tax collector's indifference to the need for adequate training for her employees on the proper procedure to correctly tax property according to Florida laws and the Florida Department of Revenue violated plaintiffs' constitutional rights.  [*Id.* at ¶¶ 41-43]  Count IV alleges that the tax collector's conduct deprived plaintiffs of their constitutionally protected rights.  [*Id.* at ¶ 44]  Plaintiffs claim that the sale of tax certificates to plaintiffs' properties absent any ownership, rights, or interests in the property or without any lawful authority or due process violated plaintiffs rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  [*Id.* at ¶ 45-47]

7.      Plaintiffs request for relief compensatory damages, punitive damages, attorney's fees and costs, and any other relief the court deems just and proper. [Doc. 14]  Plaintiffs also request a jury trial.[1]  [*Id.*]

8.      Counts II, III, and IV of plaintiffs' Amended Complaint should be dismissed where this Court does not have subject matter jurisdiction, and the Amended Complaint fails to state a claim. For these reasons, the Amended Complaint must be dismissed.

## I.  DISMISSAL IS REQUIRED OF PLAINTIFFS' AMENDED COMPLAINT WHERE THIS COURT LACKS SUBJECT MATTER JURISDICTION.

### (a)  Dismissal is required of Plaintiffs' civil rights claims under the Tax Injunction Act.

---

[1] Pursuant to Florida law, cases involving ad valorem tax issues are determined by a bench trial. *Section 3 Property Corp. v. Robbins*, 632 So.2d 596, 596 (Fla. 1993) ("[T]he legislature has not afforded a jury trial in a tax assessment challenge.").

9.      This Court lacks subject matter jurisdiction where plaintiffs' claims are barred by the Tax Inunction Act.  The Tax Injunction Act provides that, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."  28 U.S.C. § 1341.

10.      The Tax Injunction Act is jurisdictional and "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited."  *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *I.L. v. Alabama*, 739 F. 3d 1273, 1282 (11th Cir. 2014) ("Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier'").  The intent to limit federal court jurisdiction in state tax matters is "consistent with and implements the principles of comity between federal and state governments."  *Winicki v. Mallard*, 615 F. Supp. 1244, 1247–50 (M.D. Fla. 1985).  The Tax Injunction Act is intended to "prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes."  *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232–33 (11th Cir. 1991).

11.      The Tax Injunction Act bars the exercise of federal jurisdiction when "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'"  *Terry v. Crawford*, 615 Fed. Appx. 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)).  A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax.  *Rosewell*, 450 U.S. at 503.  It is a plaintiff's initial burden to make a showing

that there is no "plain, adequate, and complete state remedy available" to overcome the jurisdictional bar of the Tax Injunction Act. *Winicki*, 783 F.2d at 1570.

12.     The pleading of a section 1983 claim in federal court does not remove the jurisdictional bar imposed by the Tax Injunction Act. *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995). The courts have shown "an aversion to federal interference with state tax administration" since the passage of section 1983. *Id.* at 586; *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 422 (2010) (absent strong cause, federal courts should not interfere with state tax-enforcement methods); *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Fla. Dep't of Bus. Regulations*, 496 U.S. 18, 38 (1990) (states are afforded great flexibility in satisfying due process in taxation and as long as state law provides a clear and certain remedy, states may determine whether to provide relief).

13.     The principle of noninterference by the federal courts leads the courts to construe section 1983 narrowly. *Id.*, (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100 (1981)). In *Fair Assessment*, the Court held that the principle of comity precludes taxpayers from "asserting section 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Fair Assessment*, 454 U.S. at 116. As far as damages actions under section 1983 claims, the Supreme Court held that damages actions under section 1983 would be no less disruptive of state tax systems than actions to enjoin the collection of taxes. *Id.* at 101 (citations omitted); *see also Kelly v. Alabama Dep't of Revenue*, 683 Fed. Appx. 884, 889 (11th Cir. 2016) (comity bars federal-court jurisdiction over a section 1983 action for damages arising from state tax system). Federal courts are precluded from offering

declaratory or injunctive relief, or damages for section 1983 claims when an adequate state remedy exists.

14.     The Florida legislature has set forth a comprehensive statutory scheme for counties to assess and collect taxes simultaneously with procedures for taxpayers to challenge their tax assessments.  *See* §§§; 194.011-194.036; 194.171-194.3015; 197.502-197.602 Fla. Stats. (2024); Fla. Admin. Code R. 12D-13.066 (2024).  Chapter 194 provides for both quasi-judicial and judicial remedies for taxpayers to challenge their tax assessments.  Initially, a taxpayer may request an informal conference with the property appraiser to object to the assessment placed on his or her taxable property.  § 194.011(2), Fla. Stat. (2024).  A taxpayer is not required to request an informal conference and may instead directly file a petition to the county Value Adjustment Board (VAB) or file suit in circuit court.  *Id.*

15.     The VAB is a quasi-judicial body "established for the primary purpose of hearing taxpayer petitions and complaints against decisions of the appraiser." *Redford v. Dep't of Revenue*, 478 So.2d 801, 810 (Fla. 1985).  The taxpayer is entitled to representation before the VAB, may present testimony and evidence, and is entitled to have all witnesses testify under oath. § 194.034(1), Fla. Stat. (2024).  Unless the taxpayer withdraws its petition to the VAB, or the property appraiser acknowledges the petition is correct, the VAB shall render a written decision containing "findings of fact and conclusions of law and must include reasons for upholding or overturning the determination of the property appraiser."  § 194.034(2), Fla. Stat. (2024).

16.     Regardless of whether a taxpayer contests an assessment before the VAB, he or she may file suit in circuit court contesting an ad valorem assessment pursuant to section 194.171, Florida Statutes (2024), which confers jurisdiction to the circuit courts as to "all matters relating to property taxation."   Art. V, § 20(c)(3), Fla. Const., ("Circuit courts shall have

jurisdiction … in all cases involving legality of any tax assessment or toll"); *Torres v. Wells*, 2017 WL 397609, *3 (M.D. Fla. 2017) (Florida provides judicial review of ad valorem tax assessments, a plain, speedy, and efficient remedy, therefore, plaintiff is unable to maintain section 1983 claim). Any aggrieved taxpayer in Florida may timely bring an action in circuit court to contest the validity of an ad valorem tax assessment.

17.     Florida law also provides a remedy if there is an error in a tax certificate.  § 197.443, Fla. Stat. (2024).  If a property was not subject to taxation at the time of the assessment on which tax certificates were sold, the tax collector shall forward a certificate of error to the Department of Revenue.  § 197.443(1)(b), Fla. Stat. (2024).  "The department, upon receipt of the certification of error, if satisfied of the correctness of the certification or upon receipt of a court order, shall notify the tax collector, who shall cancel or correct the certificate."  § 197.443(2), Fla. Stat. (2024).

18.     The Eleventh Circuit Court of Appeals has held that Florida provides a "plain, speedy and efficient" remedy to all aggrieved Florida taxpayers.  *Osceola*, 893 F.2d at 1233; *see also Lussier v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) ("Eleventh Circuit Court of Appeals has decided that Florida's courts provide remedies sufficient to satisfy the Tax Injunction Act").  Florida provides all taxpayers a "full hearing and judicial determination" at which time the taxpayer may raise any and all constitutional objections to the tax.  *Winicki*, 615 F. Supp. at 1248-49, *aff'd*, *Winicki,* 783 F. 2d at 1570; *see also Osceola*, 893 F. 2d at 1233 (11th Cir. 1990) ("Florida courts are also given power to issue declaratory and injunctive relief in tax cases.").

19.     The review afforded to Florida circuit courts gives them the power to remedy loss both in terms of damages and equitable relief, therefore, the Florida procedures satisfy

procedural due process and constitute an adequate state remedy. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *City of Deerfield Bch. v. Vailant*, 419 So.2d 624, 626 (Fla. 1982). In detail, the Eleventh Circuit held: "The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Florida Courts are also given power to issue declaratory and injunctive relief in tax cases." *Id*. (citations omitted). Taxpayers in Florida have a plain, speedy, and efficient remedy to address tax issues; therefore, pursuant to the Tax Injunction Act, federal courts are stripped of jurisdiction for actions that attempt to enjoin, suspend, or restrain a state tax assessment.

20.     On the face of the Amended Complaint, plaintiffs request judgment against the property appraiser and tax collector for recovery of compensatory and punitive damages, mental distress and humiliation, and deprivation of fundamental constitutional rights. [Doc. 14 at pp. 8, 9-10] By seeking a demand for judgment and damages in federal court, plaintiffs improperly attempt to contest the legality of the property appraiser's assessment on the subject property as well as the tax collector's sale of tax certificates in federal court.

21.     The Eleventh Circuit Court of Appeals has repeatedly held that Florida provides aggrieved taxpayers a plain, speedy, and efficient remedy to challenge ad valorem tax assessments pursuant to Chapter 194. *See Osceola*, 893 F.2d at 1233; *McKinney*, 20 F.3d at 1563–64. Plaintiffs' Amended Complaint contests the property appraiser's and tax collector's application of the Florida Constitution, Florida Statutes, and Florida Administrative Code as it relates to the assessment and collection of taxes and sale of tax certificates on real property. Plaintiffs had ample opportunities to bring such a claim before either the VAB or the appropriate Florida circuit court. Thus, any judicial proceeding must be in a state court as the Tax Injunction

Act and the principles of comity and federalism preclude this Court from hearing state tax matters

when an adequate state remedy exists.

> **(b)   Dismissal is required where Plaintiffs' challenge to the assessments and sale of tax certificates on their real property is untimely under Florida law.**

22.    This Court lacks subject matter jurisdiction where plaintiffs' claims

challenging the assessments and sale of tax certificates on their real property are untimely under

Florida law.[2]  Section 194.171, Florida Statutes (2024), states:

> (1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).
>
> (2) *No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date the decision is rendered concerning such assessment by the value adjustment board* if a petition contesting the assessment had not received final action by the value adjustment board prior to the extension of the roll under s. 197.323.
>
> (3) *Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing.* The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.
>
> …

---

[2] The question of whether a court has subject matter jurisdiction is properly presented by way of a motion to dismiss rather than by a motion for summary judgment. *Seminole Tribe of Fla. v. McCor*, 903 So.2d 353 (Fla. 2d DCA 2005).  Moreover, a motion to dismiss based on lack of subject matter jurisdiction "may properly go beyond the four corners of the complaint when it raises solely a question of law." *Mancher v. Seminole Tribe of Fla., Inc.*, 708 So.2d 327, 28 (Fla. 4th DCA 1998); *McCor*, 903 So.2d at 357 (in considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint and consider affidavits).

(5) *No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.*

(6) *The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.* A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

*Id.* (emphasis added).  A taxpayer filing suit must file its complaint within 60 days from the date the assessment is certified for collection or within 60 days from the date the VAB renders a decision if the taxpayer petition to the VAB had not received final action by the VAB prior to the extension of the tax roll.  *See Wal-Mart Stores, Inc. v. Day*, 742 So.2d 408 (Fla. 4th DCA 1999); *Markham v. Moriarty*, 575 So.2d 1307 (Fla. 4th DCA 1991).  A taxpayer must also make a good faith payment before filing suit.  *See* § 194.171(3), Fla. Stat. (2024).

23.     The Florida Supreme Court has clearly held that the 60-day time period set forth in section 194.171(2) must be strictly enforced as a jurisdictional nonclaim statute rather than a statute of limitations.  *See Ward v. Brown*, 894 So.2d 811 (Fla. 2004); *Markham v. Neptune Hollywood Beach Club*, 527 So.2d 814 (Fla. 1988); *Bystrom v. Diaz*, 514 So.2d 1072 (Fla. 1987). The First District Court of Appeal has observed that the "difference between the two is that a statute of limitations bars untimely claims only when a party asserts the operation of that statute of limitations as an affirmative defense; a statute of nonclaim operates as an automatic bar to untimely claims."  *Thames v. Jackson*, 598 So.2d 121, 132 (Fla. 1st DCA 1992), *overruled on other grounds by May v. Illinois Nat'l Inst.*, 771 So.2d 1143 (Fla. 2000).  The 60-day jurisdictional limit of section 194.171(2) also applies to challenges of tax certificates and tax deed sales. *Shrewsbury v. Childers*, 379 So.3d 545 (Fla. 1st DCA 2024).

24.     In plaintiffs' original complaint, Plaintiffs requested monetary relief for tax years 2011-2023.  [Doc. 1 at p. 42]  However, plaintiffs failed to include this information in their Amended Complaint, so there is nothing in plaintiffs' Amended Complaint that specifies which tax years plaintiffs are now attempting to challenge.  Even considering the information in plaintiffs' original complaint, any challenge to the assessment and sale of tax certificates on plaintiffs' properties for tax years prior to 2024 is untimely pursuant to section 194.171, Florida Statutes, and must be dismissed.

25.     There is no evidence that plaintiffs filed a petition with the Value Adjustment Board challenging the assessments of the subject properties for the 2011-2023 tax years.  Thus, the relevant date to determine whether a challenge is timely is the initial certification date for each of the tax years at issue.  *See* § 194.171(2), Fla. Stat. (2024); *Markham*, 575 So.2d at 1309.  Because the 2023 tax year is the most recent tax year besides 2024, if plaintiffs fail to meet the 60-day jurisdictional requirement for that tax year, they also fail to meet it for the prior years.

26.     The 2023 tax roll was initially certified on October 13, 2023.  (2023 Tax Roll Certification attached as Exhibit A).  Plaintiffs did not provide evidence that they challenged the 2023 assessment of the subject properties within 60-days of the certification of the tax roll.  The first time plaintiffs have challenged the 2023 assessment is the present lawsuit.  The date 60 days from certification would be December 12, 2023, and plaintiffs filed their complaint in this case on September 6, 2024.  This is well outside the 60-day time period established in section 194.171(2).  Thus, plaintiffs' attempt to now challenge tax years prior to 2023 is also well outside the 60-day jurisdictional time period.  Additionally, any challenge to the sale of tax certificates that occurred in the 2023 tax year, or prior, is also outside the 60-day jurisdictional time period.  *See Shrewsbury*, 379 So.3d at 546.

27.     Furthermore, plaintiffs stopped paying taxes on the subject properties because tax certificates were sold on the subject properties.  Plaintiffs failed to include the relevant facts as to which tax years plaintiffs have paid their taxes, but the tax collector's information reflects that plaintiffs have not paid the taxes on the subject property for the 2023 tax year.  (Tax Collector documents attached as Exhibit B)   "In section 194.171, the Legislature required taxpayers to pay 'not less than the amount of the tax which the taxpayer admits in good faith to be owing" but provides that challenges will be dismissed in cases wherein the taxpayer fails to pay the undisputed amount of taxes "before they become delinquent."  *Ward v. Brown*, 894 So.2d 811, 815 (Fla. 2004) (quoting § 194.171(3), (5), Fla. Stat. (2001)).  This subsection of the statute is jurisdictional.  *See* § 194.171(6), Fla. Stat. (2024).  Here, plaintiffs have not paid the taxes for the 2023 tax year, so the taxes have become delinquent.  As a result, this Court has lost subject matter jurisdiction to determine the plaintiffs' challenge to the 2023 tax year as well as any prior years. *See* § 194.171(3), (5), Fla. Stat. (2024)); *Ward*, 894 So.2d at 815.

28.     Any attempt by plaintiffs to challenge an assessment or tax certificate for a tax year prior to 2024 is untimely pursuant to section 194.171, Florida Statutes.  To the extent plaintiffs challenge the assessment and sale of tax certificates on the subject properties for tax years 2011-2023, the challenge must be dismissed.  *See Markham*, 575 So.2d at 1309; *Shrewsbury*, 379 So.3d at 546; *Ward*, 894 So.2d at 815.

**II.     DISMISSAL IS REQUIRED OF PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.**

**(a)     Dismissal is required where plaintiffs' Amended Complaint is a "shotgun pleading" in violation of Federal Rule of Civil Procedure 8(a)(2).**

29.     Federal Rule of Civil Procedure 8(a)(2) requires that a pleading state a claim for relief that contains a short and plain statement of the claim showing that the pleader is entitled to relief.  A "shotgun pleading" violates Rule 8 by failing to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th Cir. 2018).  Courts are permitted to allow a litigant a chance to remedy any deficiencies in an initial pleading.  *Shabanets*, 878 F.3d at 1295.

30.     This Court permitted plaintiffs to file an Amended Complaint after determining that their initial complaint was insufficient.  [Doc. 6]  Although the Amended Complaint corrects some of the deficiencies pointed out in this Court's order, it still fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See* Fed. R. Civ. P. 8(a)(2).  Plaintiffs' Amended Complaint provides general claims based on violations of the United States Constitution and 42 U.S.C. § 1983.  [Doc. 14, p. 5-10]  Such general allegations could be sufficient; however, plaintiffs also provide very little facts to support these claims.  [Doc. 14, ¶¶ 9-24]  Plaintiffs fail to apply these few facts to their claims for relief, so it is impossible for the defendants to determine the grounds upon which each claim rests.  *See Weiland*, 792 F.3d at 1320.  Plaintiffs' Amended Complaint is deficient where it fails to give defendants adequate notice of the claims against them.  *See* Fed. R. Civ. P. 8(a)(2).  As a result, the Amended Complaint should be dismissed on shotgun pleading grounds.

   **(b)     Dismissal is required for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).**

31.     Dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief.  *Caldwell v. Dodge*

*Chrysler Group*, 2019WL11790555 at *2 (M.D. Fla. October 29, 2019) (*citing Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).  Courts may only grant a motion to dismiss where it is demonstrated beyond a doubt that a plaintiff can prove no set of facts in support of their claim that would entitle them to relief.  *Day v. Taylor*, 400 F. 3d 1272, 1275 (11th Cir. 2005) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

32.     Plaintiffs argue that their rights were violated under the Fifth and Fourteenth Amendments to the United States Constitution due to the property appraiser improperly assessing their real property and the tax collector selling tax certificates on such.  The United States Supreme Court has determined that States have the power to tax within their borders as long as such tax does not violate the United States Constitution.  *See Greenough v. Tax Assessors of City of New Port*, 331 U.S. 486, 490 (1947) ("For the purpose of the taxation of those residents within her borders, Rhode Island has sovereign power unembarrassed by any restriction except those that emerge from the Constitution. Whether that power is exercised wisely or unwisely is the problem of each state.").  Pursuant to both the Due Process and Commerce Clauses, a State may not tax value earned outside of its borders.  *Allied-Signal, Inc. v. Director, Div. of Taxation*, 504 U.S. 768, 777 (1992); *see also MeadWestvaco Corp. ex rel. Mead Corp. v. Illinois Dep't of Revenue*, 553 U.S. 16, 19 (2008) ("The Due Process and Commerce Clauses forbid the States to tax 'extraterritorial values.'" (citations omitted)).

33.     The Florida Constitution allows for taxes to be levied in pursuance of law with ad valorem taxes on real estate and personal property being delegated to counties, school districts, municipalities, and sometimes special districts.  Art. VII, §§ 1, 9, Fla. Const. (authorizing counties to levy ad valorem taxes).  Both the property appraiser and tax collector are county officers whose positions were created by the Florida Constitution.  Art. VIII, § 1(d), Fla. Const.

Under the Florida Constitution, counties, through county officers, have the power to assess and collect ad valorem taxes on real property.

34.     Title XIV of the Florida Statutes contains the provisions related to taxation and finance and governs the assessment and collection of taxes on real property, including the sale of tax certificates when taxes are not paid.  The "county property appraiser" is the "county officer charged with determining the value of all property within the county, with maintaining certain records connected therewith, and with determining the tax on taxable property after taxes have been levied." § 192.001(3), Fla. Stat. (2024).  The property appraiser "shall assess *all property located within the county*, except inventory, whether such property is taxable, wholly or partially exempt, or subject to classification reflecting a value less than its just value at its present highest and best use." § 192.011, Fla. Stat. (2024) (emphasis added).  Under Florida law, it is the property itself that is taxed, and not the property owner.  *See Interlachen Lakes Estates, Inc. v. Snyder*, 302 So.2d 433, 435 (Fla. 1973) (relying on principle that all property must be measured under the same criteria in determining that a statute favoring one type of property owner from another was unconstitutional).

35.     The tax collector is the "county officer charged with the collection of ad valorem taxes levied by the county, the school board, any special taxing districts within the county, and all municipalities within the county." § 192.001(4), Fla. Stat. (2024).  All taxes are due and payable on November 1 of each year or as soon thereafter as the certified tax roll is received. § 197.333, Fla. Stat. (2024).  Taxes are delinquent on April 1 following the year in which they are assessed or immediately after 60 days have expired from the mailing of the original tax notice. *Id.*

36.     "The tax collector has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs,

by sale of tax certificates on real property and by seizure and sale of personal property."   §
197.332(1), Fla. Stat. (2024).  Once taxes become delinquent, the tax collector oversees the selling
of tax certificates.   § 197.432(1), Fla. Stat. (2024) ("On the day and approximately at the time
designated in the notice of the sale, the tax collector *shall* commence the sale of the tax certificates
on the real property on which taxes have not been paid.") (emphasis added)).   Issuing tax
certificates is a ministerial duty that the tax collector is required to complete when taxes become
delinquent.  *See Escambia Cnty. v. Bell*, 717 So.2d 85, 88 (Fla. 1st DCA 1998) (holding certain
tax collector duties are ministerial).

       37.    The property appraiser properly assessed Plaintiffs' real property pursuant
to the Florida Constitution and Florida law.  Plaintiffs allege that they own the subject properties
in Okeechobee County, Florida.  Pursuant to Florida law, the property appraiser was required to
assess plaintiffs' properties.  *See* § 192.011, Fla. Stat. (2024) (stating the property appraiser must
assess *all properties* within a county) (emphasis added).  There is nothing in Florida law stating
that real property is not assessed or subject to taxation because it is non-commercial property.  To
the extent that plaintiffs argue their property is not subject to taxation because it is not commercial
property, they are incorrect.  This position is clearly refuted where the property appraiser is
required to assess all property within the county.[3]  *See* § 192.011, Fla. Stat. (2024).

       38.    Plaintiffs allege that the tax collector improperly sold tax certificates on
their property absent lawful authority.  The tax collector did not act unlawfully where she was
required to sell tax certificates on plaintiffs' properties after the taxes became delinquent.  *See* §
197.432(1), Fla. Stat. (2024) (stating the tax collector *shall* commence the sale of tax certificates

---

[3] Plaintiffs fail to allege that they are entitled to any kind of exemption that would result in their
property not being subject to taxation.  Based on the limited facts provided, there is no exemption
they would qualify for that would provide for a total exemption from taxation.

on real property on which taxes have not been paid) (emphasis added)).  The tax collector's duty is ministerial, and she was required to sell tax certificates when the taxes on plaintiffs' properties became delinquent.  *See Bell*, 379 So.2d at 88.  It has already been established that the property appraiser properly assessed plaintiffs' properties for taxation.  Thus, the tax collector acted as required by Florida law by selling tax certificates on plaintiffs' properties after the taxes became delinquent.  *See* § 197.432(1), Fla. Stat. (2024).

39.     Plaintiffs attempt to argue that both the property appraiser and the tax collector failed to properly train their subordinates, which resulted in violation of plaintiffs' substantive rights.  This argument is incorrect.  "[U]nder § 1983, a supervisor can be held liable for failing to train his or her employees 'only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [officers] come into contact.'"  *Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1052 (11th Cir. 2014) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *Thomas v. Poveda*, 518 Fed. Appx. 614, 618 (11th Cir. 2013) (stating "a supervisory official is not liable under § 1983 for a failure to train unless that failure amounts to a deliberate indifference.").  In *Thomas*, the Eleventh Circuit determined that Thomas failed to make any allegations supporting a conclusion that the alleged failure to train amounted to deliberate indifference, so the dismissal of his "failure to train" claim was upheld.  *Thomas*, 518 Fed. Appx. at 618.  Failure to train can amount to deliberate indifference where the need for more or different training is obvious.  *See Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397–98 (11th Cir. 1994).

40.     Plaintiffs have failed to support a section 1983 claim based on the property appraiser's and tax collector's failure to adequately train and supervise their subordinates.  As in *Thomas*, plaintiffs have failed to make any allegations supporting a conclusion that the alleged

failure to train amounted to deliberate indifference.  There is no evidence that there is a need for more or different training by either the property appraiser or the tax collector.  *See Belcher*, 30 F.3d at 1397–98.  The property appraiser and his employees acted in accordance with the Florida Constitution and Florida law in assessing plaintiffs' real properties located in Okeechobee County, Florida.  *See* Art. VII, §§ (1), (9), Fla. Const.; § 192.011, Fla. Stat. (2024).  The tax collector and her employees also acted in accordance with Florida law by selling tax certificates on plaintiffs' properties once the taxes became delinquent as required by section 197.432(1), Florida Statutes (2024).  Where the property appraiser, tax collector, and their employees followed Florida law and did not violate plaintiffs' substantive rights, plaintiffs are unable to succeed on a § 1983 claim for failure to adequately train and supervise their subordinates.

> **(c)      Dismissal is required of Plaintiffs' claims against the property appraiser and tax collector in their individual capacities because plaintiffs failed to include allegations involving actions taken outside their statutory duties.**

41.      Plaintiffs fail to include any allegations that Mr. Bandi or Ms. Watford acted improperly outside their statutory duties as property appraiser and tax collector.  Even if a party is named "individually" in a complaint, if it is clear from the body of the complaint that claims do not pertain to the party in their individual capacity, the party is not a party to the action.  *Beseau v. Bhalani*, 904 So.2d 641, 642 (Fla. 5th DCA 2005) ("Although Appellant, 'individually' was named in the complaint's caption, the body of the complaint makes clear that her claims were made solely as personal representative of the estate.  Thus, Appellant was never a party to the action in her individual capacity."); *Grasso v. Grasso*, 143 So.3d 1050, 1050 (Fla. 2d DCA 2014) ("Olga Grasso asserted no claims against Margaret or Michelle in their individual capacities but only as purported cotrustees.  As such, Margaret and Michelle were not parties to the action in their individual capacities and the trial court erred in taxing costs against them individually.").

42.     Both Mr. Bandi and Ms. Watford were named in the complaint in their individual capacity, but it is clear from the body of the complaint that plaintiffs' claims were against Mr. Bandi and Ms. Watford in their official capacities as property appraiser and tax collector.  All the allegations against Mr. Bandi and Ms. Watford as individuals involve actions taken during the course of their statutory duties as property appraiser and tax collector.  *See* § 192.011, Fla. Stat. (2024) ("The property appraiser shall assess all property within the county …"); § 197.332(1), Fla. Stat. (2024) ("The tax collector has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs, by sale of tax certificates on real property...").  Mr. Bandi and Ms. Watford were not a party to the action in their individual capacities, and the portion of the Amended Complaint alleging such should be dismissed.  *See Beseau*, 904 So.2d at 642.

**Wherefore**, defendants, Mickey Bandi, Okeechobee County Property Appraiser, and Celeste Watford, Okeechobee County Tax Collector, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectfully move this Court for the entry of an order dismissing Counts II, III, and IV of the Amended Complaint filed by plaintiffs, Scott A. Principe, Mary Downam Principe, and David A. Steen, for lack of subject matter jurisdiction, and failure to state a cause of action.

Submitted the **6th** day of November 2024.

/s/ Loren E. Levy
Loren E. Levy - Trial Counsel
Fla. Bar No. 0814441
Sydney E. Rodkey
Fla. Bar No. 1018436
The Levy Law Firm
1828 Riggins Road
Tallahassee, Florida 32308
Telephone: 850/219-0220
E-mail: *eservice@levylawtax.com*
          *srodkey@levylawtax.com*
          *gsmith@levylawtax.com*

Counsel for defendants, Mickey L. Bandi, Okeechobee County Property Appraiser, and Celeste Watford, Okeechobee County Tax Collector

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 6, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System and that a copy will be served upon the following via transmission of Notices of Electronic Filing generated by the CM/ECF System. I further certify that copies of the foregoing and the Notice of Electronic Filing will be provided via first-class mail to any party who has not registered or consented to receiving notices via the CM/ECF System.

**Scott A. Principe** , *pro se*
896 NE 104th Court
Okeechobee, Florida 34974
E-mail: *principescott3@gmail.com*

**Mary Downman Principe** , *pro se*
896 NE 104th Court
Okeechobee, Florida 34974
E-mail: *principemary@gmail.com*

**David A. Steen** , *pro se*
2114 SE 34th Lane
Okeechobee, Florida 34974
E-mail: *murty196755@gmail.com*

*/s/ Loren E. Levy*
Loren E. Levy