**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

CASE NO: **2:24-cv-14292-AMC**

**SCOTT A. PRINCIPE**, **MARY**
**DOWNMAN PRINCIPE**, and **DAVID**
**A. STEEN**,

        Plaintiffs,

vs.

**OKEECHOBEE COUNTY MUNICIPALITY**,
**MICKEY L. BANDI** , Okeechobee County
Property Appraiser, and **CELESTE WATFORD**,
Okeechobee County Tax Collector,

        Defendants.

_____/

**DEFENDANTS' COMBINED MOTION TO DISMISS**
**PLAINTIFFS' AMENDED COMPLAINT[1]**

      Defendants, Mickey Bandi, in his individual official capacity as Okeechobee County

Property Appraiser (property appraiser), and Celeste Watford, in her individual official capacity

as Okeechobee County Tax Collector (tax collector), and Defendant Okeechobee County

Municipality (the "County"), by and through the undersigned counsel, and pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully move this Court to dismiss with

prejudice the Amended Complaint [Doc. 14], filed herein by the Plaintiffs, Scott A. Principe, Mary

Downman Principe, and David A. Steen (plaintiffs), and, as grounds therefor, say:

---

[1] Following Defendants' Motion for Leave to File Excess Pages, Plaintiffs sent Defendants a document
titled, "Motion to Supplement Amended Complaint."  Although it appears that Plaintiffs intend to amend
their complaint in some form, no such pleading has been filed yet.  Because the Plaintiffs' draft "Motion to
Supplement" does not resolve the issues raised in this Motion to Dismiss, Defendants file this Motion and
intend to further address any additional pleadings if and when Plaintiffs file them.

## <u>INTRODUCTION AND BACKGROUND</u>

Plaintiffs allege in their Amended Complaint that the Defendants violated their substantive rights while acting under the color of law pursuant to 42 U.S.C. § 1983.  Plaintiffs filed their Complaint in this case on September 6, 2024.  [Doc. 1].  Plaintiffs alleged that there was no lawfully promulgated procedure to tax the plaintiffs' property, so plaintiffs' property was unlawfully taxed using commercial taxing procedures.  [*Id.*]  Plaintiffs argued that such conduct was criminal, violated the United States and Florida constitutions, and was unlawful under both federal and state law.  [*Id.*]  The factual allegations of plaintiffs' initial complaint failed to include facts supporting plaintiffs' claims.  [*Id.* at pp. 2-27]  The initial complaint contained eleven counts stating that the defendants violated various provisions of the United States and Florida Constitutions and both federal and state law.  [*Id.* at pp. 28-39]

After plaintiffs filed their complaint, this Court issued an Order Dismissing Complaint without Prejudice and Permitting Repleading.  [Doc. 6]  This Court found that plaintiffs' complaint was an impermissible shotgun pleading and stated:

> Even affording Plaintiff the latitude afforded to pro se litigants, the Court determines that the Complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) as an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2).  The Complaint consists of a list of allegations without clearly 'separating into a different count each cause of action or claim for relief,' and it asserts multiple claims 'against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.' *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Additionally, the Complaint alleges several violations of federal and state criminal statutes, which do not provide a private right of action.  Finally, the Complaint lacks an understandable factual basis from which to comprehend the genesis of Plaintiffs' claims or how they might interact with violations of law.  Because of these defects, the Complaint fails to give Defendants adequate notice of the claims brought against them.  Repleader is warranted.

[Doc. 6 at pp. 2-3]

Plaintiffs timely filed their Amended Complaint on October 4, 2024.  [Doc. 14]  They filed suit against the "Okeechobee County Municipality," Mickey Bandi in his individual capacity and as the Okeechobee County Property Appraiser, and Celeste Watford in her individual capacity and as the Okeechobee County Tax Collector.  [Doc. 14 at p. 1]  The facts included in the amended complaint are scarce and plaintiffs failed to attach any exhibits to support their allegations.  [Doc. 14 at p. 2-3]  Plaintiffs provide a brief set of facts concerning the property appraiser.  Plaintiffs own the subject properties located in Okeechobee County, Florida.  [*Id.* at ¶ 9]  The property appraiser assessed the subject properties according to Florida law.  [*Id.* at ¶ 14]  Neither the property appraiser, nor his employees, are trained on the Florida constitution, Florida statutes, or the Florida revenue code.  [*Id.* at ¶¶ 10-13]

Plaintiffs provide a similar set of factual allegations for the tax collector.  [Doc. 14. at p. 3]  The tax collector requested Plaintiffs pay the required taxes on the subject properties pursuant to Florida law.  [*Id.* at ¶ 20]  When plaintiffs failed to pay the taxes on the subject properties, the tax collector sold tax certificates to the properties.  [*Id.* at ¶ 21]  Neither the tax collector, nor her employees, are trained on the Florida constitution, Florida statutes, or the Florida revenue code.  [*Id.* at ¶¶ 16-19]  Plaintiffs further allege that the County failed to enforce training that would have prevented the deprivation of Plaintiffs' property rights or the unlawful sale of tax certificates. (Doc. 14 at ¶¶22–24).  These assertions are premised on the allegations that the County employs the Property Appraiser and the Tax Collector.  [Doc. 14 at ¶¶6–8]

Plaintiffs' Amended Complaint contains four counts, one of which involves the County, and three of which involve the property appraiser and tax collector.  [Doc. 14 at pp. 3-10]  Under Count I, Plaintiffs state that this cause of action is brought against the County "for deprivation by

its agents, servants, or employees, namely Defendants Bandi and Watford." (Doc. 14 at 4). Plaintiffs allege that the County's failure to train "resulted in the practices of simulated legal process by the agents, servants, or employees of [the County] deprived Plaintiffs of rights and privileges under the Fifth and Fourteenth Amendments." [Doc. 14 at ¶¶29] There are no additional facts alleged in support of Plaintiffs' claims against the County.

Count II alleges that the property appraiser deprived plaintiffs of their constitutional rights within the meaning of 42 U.S.C. § 1983. [*Id.* at ¶ 34] Plaintiffs allege that the property appraiser was indifferent to the need for adequate training and supervision of his employees, which violated plaintiffs' constitutional rights. [*Id.* at ¶ 36] Plaintiffs claim the property appraiser's failure to train his employees in proper assessment procedure pursuant to the Florida constitution, Florida statutes, and Florida revenue code deprived plaintiffs of their substantive natural rights. [*Id.* at ¶¶ 37-38] Finally, plaintiffs claim that the property appraiser improperly assessed their properties using a commercial classification. [*Id.* at ¶ 39]

Counts III and IV involve the tax collector. [Doc. 14 at pp. 7-10] Both counts allege that the tax collector violated plaintiffs' substantive rights pursuant to 42 U.S.C. § 1983. [*Id.*] Count III states that the tax collector's indifference to the need for adequate training for her employees on the proper procedure to correctly tax property according to Florida laws and the Florida Department of Revenue violated plaintiffs' constitutional rights. [*Id.* at ¶¶ 41-43] Count IV alleges that the tax collector's conduct deprived plaintiffs of their constitutionally protected rights. [*Id.* at ¶ 44] Plaintiffs claim that the sale of tax certificates to plaintiffs' properties absent any ownership, rights, or interests in the property or without any lawful authority or due process violated plaintiffs rights under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. [*Id.* at ¶ 45-47]

Plaintiffs request for relief compensatory damages, punitive damages, attorney's fees and costs, and any other relief the court deems just and proper. [Doc. 14]  Plaintiffs also request a jury trial.[2]  [*Id.*]  Plaintiffs' Amended Complaint should be dismissed where this Court does not have subject matter jurisdiction, and the Amended Complaint fails to state a claim.

## <u>LEGAL STANDARD</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although particularity is not required, "the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted).  Along with Rule 8's requirements, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard is met when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  At bottom, a plaintiff must allege more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Complaints that violate these basic rules are often called a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *see also Weiland*, 792 F.3d at 1320.  "The 'self-evident' purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov*, 986 F. 3d at 1324.  These rules also were written to assist the court in determining

---

[2] Pursuant to Florida law, cases involving ad valorem tax issues are determined by a bench trial. *Section 3 Property Corp. v. Robbins*, 632 So.2d 596, 596 (Fla. 1993) ("[T]he legislature has not afforded a jury trial in a tax assessment challenge.").

"which facts support which claims" and "whether the plaintiff has stated any claims upon which relief can be granted." *Id.*

In considering a motion to dismiss, the court must accept the factual allegations in the complaint as true and evaluate all inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Yet conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679. The court can also infer "obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (citation and alterations omitted).

## <u>MEMORANDUM OF LAW</u>

**I.     DISMISSAL IS REQUIRED OF PLAINTIFFS' AMENDED COMPLAINT WHERE THIS COURT LACKS SUBJECT MATTER JURISDICTION.**

**(a)     Dismissal is required of Plaintiffs' civil rights claims under the Tax Injunction Act.**

This Court lacks subject matter jurisdiction where plaintiffs' claims are barred by the Tax Inunction Act. The Tax Injunction Act provides that, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. § 1341.

The Tax Injunction Act is jurisdictional and "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *I.L. v. Alabama*, 739 F. 3d 1273, 1282 (11th Cir. 2014) ("Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier'"). The intent to limit federal court jurisdiction in state tax matters

is "consistent with and implements the principles of comity between federal and state governments." *Winicki v. Mallard*, 615 F. Supp. 1244, 1247–50 (M.D. Fla. 1985). The Tax Injunction Act is intended to "prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes." *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232–33 (11th Cir. 1991).

The Tax Injunction Act bars the exercise of federal jurisdiction when "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" *Terry v. Crawford*, 615 Fed. Appx. 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)). A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax. *Rosewell*, 450 U.S. at 503. It is a plaintiff's initial burden to make a showing that there is no "plain, adequate, and complete state remedy available" to overcome the jurisdictional bar of the Tax Injunction Act. *Winicki*, 783 F.2d at 1570.

The pleading of a section 1983 claim in federal court does not remove the jurisdictional bar imposed by the Tax Injunction Act. *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995). The courts have shown "an aversion to federal interference with state tax administration" since the passage of section 1983. *Id.* at 586; *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 422 (2010) (absent strong cause, federal courts should not interfere with state tax-enforcement methods); *McKesson Corp. v. Div. of Alcoholic Beverages and Tobacco, Fla. Dep't of Bus. Regulations*, 496 U.S. 18, 38 (1990) (states are afforded great flexibility in satisfying due process in taxation and as long as state law provides a clear and certain remedy, states may determine whether to provide relief).

The principle of noninterference by the federal courts leads the courts to construe section 1983 narrowly. *Id.*, (citing *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100 (1981)). In *Fair Assessment*, the Court held that the principle of comity precludes taxpayers from "asserting section 1983 actions against the validity of state tax systems in federal courts.  Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Fair Assessment*, 454 U.S. at 116.  As far as damages actions under section 1983 claims, the Supreme Court held that damages actions under section 1983 would be no less disruptive of state tax systems than actions to enjoin the collection of taxes. *Id.* at 101 (citations omitted); *see also Kelly v. Alabama Dep't of Revenue*, 683 Fed. Appx. 884, 889 (11th Cir. 2016) (comity bars federal-court jurisdiction over a section 1983 action for damages arising from state tax system).  Federal courts are precluded from offering declaratory or injunctive relief, or damages for section 1983 claims when an adequate state remedy exists.

The Florida legislature has set forth a comprehensive statutory scheme for counties to assess and collect taxes simultaneously with procedures for taxpayers to challenge their tax assessments. *See* §§§; 194.011-194.036; 194.171-194.3015; 197.502-197.602 Fla. Stats. (2024); Fla. Admin. Code R. 12D-13.066 (2024).  Chapter 194 provides for both quasi-judicial and judicial remedies for taxpayers to challenge their tax assessments.  Initially, a taxpayer may request an informal conference with the property appraiser to object to the assessment placed on his or her taxable property. § 194.011(2), Fla. Stat. (2024).  A taxpayer is not required to request an informal conference and may instead directly file a petition to the county Value Adjustment Board (VAB) or file suit in circuit court. *Id.*

The VAB is a quasi-judicial body "established for the primary purpose of hearing taxpayer petitions and complaints against decisions of the appraiser." *Redford v. Dep't of Revenue*, 478

So.2d 801, 810 (Fla. 1985).  The taxpayer is entitled to representation before the VAB, may present testimony and evidence, and is entitled to have all witnesses testify under oath.  § 194.034(1), Fla. Stat. (2024).  Unless the taxpayer withdraws its petition to the VAB, or the property appraiser acknowledges the petition is correct, the VAB shall render a written decision containing "findings of fact and conclusions of law and must include reasons for upholding or overturning the determination of the property appraiser."  § 194.034(2), Fla. Stat. (2024).

Regardless of whether a taxpayer contests an assessment before the VAB, he or she may file suit in circuit court contesting an ad valorem assessment pursuant to section 194.171, Florida Statutes (2024), which confers jurisdiction to the circuit courts as to "all matters relating to property taxation."  Art. V, § 20(c)(3), Fla. Const., ("Circuit courts shall have jurisdiction … in all cases involving legality of any tax assessment or toll"); *Torres v. Wells*, 2017 WL 397609, *3 (M.D. Fla. 2017) (Florida provides judicial review of ad valorem tax assessments, a plain, speedy, and efficient remedy, therefore, plaintiff is unable to maintain section 1983 claim).  Any aggrieved taxpayer in Florida may timely bring an action in circuit court to contest the validity of an ad valorem tax assessment.

Florida law also provides a remedy if there is an error in a tax certificate.  § 197.443, Fla. Stat. (2024).  If a property was not subject to taxation at the time of the assessment on which tax certificates were sold, the tax collector shall forward a certificate of error to the Department of Revenue.  § 197.443(1)(b), Fla. Stat. (2024).  "The department, upon receipt of the certification of error, if satisfied of the correctness of the certification or upon receipt of a court order, shall notify the tax collector, who shall cancel or correct the certificate."  § 197.443(2), Fla. Stat. (2024).

The Eleventh Circuit Court of Appeals has held that Florida provides a "plain, speedy and efficient" remedy to all aggrieved Florida taxpayers.  *Osceola*, 893 F.2d at 1233; *see also Lussier*

*v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) ("Eleventh Circuit Court of Appeals has decided that Florida's courts provide remedies sufficient to satisfy the Tax Injunction Act").  Florida provides all taxpayers a "full hearing and judicial determination" at which time the taxpayer may raise any and all constitutional objections to the tax.  *Winicki*, 615 F. Supp. at 1248-49, *aff'd*, *Winicki,* 783 F. 2d at 1570; *see also Osceola*, 893 F. 2d at 1233 (11th Cir. 1990) ("Florida courts are also given power to issue declaratory and injunctive relief in tax cases.").

The review afforded to Florida circuit courts gives them the power to remedy loss both in terms of damages and equitable relief, therefore, the Florida procedures satisfy procedural due process and constitute an adequate state remedy.  *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *City of Deerfield Bch. v. Vailant*, 419 So.2d 624, 626 (Fla. 1982).  In detail, the Eleventh Circuit held: "The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Florida Courts are also given power to issue declaratory and injunctive relief in tax cases." *Id.* (citations omitted).  Taxpayers in Florida have a plain, speedy, and efficient remedy to address tax issues; therefore, pursuant to the Tax Injunction Act, federal courts are stripped of jurisdiction for actions that attempt to enjoin, suspend, or restrain a state tax assessment.

On the face of the Amended Complaint, plaintiffs request judgment against the property appraiser and tax collector for recovery of compensatory and punitive damages, mental distress and humiliation, and deprivation of fundamental constitutional rights. [Doc. 14 at pp. 8, 9-10]  By seeking a demand for judgment and damages in federal court, plaintiffs improperly attempt to contest the legality of the property appraiser's assessment on the subject property as well as the tax collector's sale of tax certificates in federal court.

The Eleventh Circuit Court of Appeals has repeatedly held that Florida provides aggrieved taxpayers a plain, speedy, and efficient remedy to challenge ad valorem tax assessments pursuant to Chapter 194.  *See Osceola*, 893 F.2d at 1233; *McKinney*, 20 F.3d at 1563–64.  Plaintiffs' Amended Complaint contests the property appraiser's and tax collector's application of the Florida Constitution, Florida Statutes, and Florida Administrative Code as it relates to the assessment and collection of taxes and sale of tax certificates on real property.  Plaintiffs had ample opportunities to bring such a claim before either the VAB or the appropriate Florida circuit court.  Thus, any judicial proceeding must be in a state court as the Tax Injunction Act and the principles of comity and federalism preclude this Court from hearing state tax matters when an adequate state remedy exists.

> **(b)** **Dismissal is required where Plaintiffs' challenge to the assessments and sale of tax certificates on their real property is untimely under Florida law.**

This Court lacks subject matter jurisdiction where plaintiffs' claims challenging the assessments and sale of tax certificates on their real property are untimely under Florida law.[3] Section 194.171, Florida Statutes (2024), states:

> (1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located, except that venue shall be in Leon County when the property is assessed pursuant to s. 193.085(4).

> (2) *No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for*

---

[3] The question of whether a court has subject matter jurisdiction is properly presented by way of a motion to dismiss rather than by a motion for summary judgment. *Seminole Tribe of Fla. v. McCor*, 903 So.2d 353 (Fla. 2d DCA 2005).  Moreover, a motion to dismiss based on lack of subject matter jurisdiction "may properly go beyond the four corners of the complaint when it raises solely a question of law." *Mancher v. Seminole Tribe of Fla., Inc.*, 708 So.2d 327, 28 (Fla. 4th DCA 1998); *McCor*, 903 So.2d at 357 (in considering a motion to dismiss challenging subject matter jurisdiction, a trial court may properly go beyond the four corners of the complaint and consider affidavits).

*collection under s. 193.122(2), or after 60 days from the date the decision is rendered concerning such assessment by the value adjustment board* if a petition contesting the assessment had not received final action by the value adjustment board prior to the extension of the roll under s. 197.323.

(3) *Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which the taxpayer admits in good faith to be owing.* The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint. Notwithstanding the provisions of chapter 197, payment of the taxes the taxpayer admits to be due and owing and the timely filing of an action pursuant to this section shall suspend all procedures for the collection of taxes prior to final disposition of the action.

…

(5) *No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.*

(6) *The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.* A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

*Id.* (emphasis added). A taxpayer filing suit must file its complaint within 60 days from the date the assessment is certified for collection or within 60 days from the date the VAB renders a decision if the taxpayer petition to the VAB had not received final action by the VAB prior to the extension of the tax roll. *See Wal-Mart Stores, Inc. v. Day*, 742 So.2d 408 (Fla. 4th DCA 1999); *Markham v. Moriarty*, 575 So.2d 1307 (Fla. 4th DCA 1991). A taxpayer must also make a good faith payment before filing suit. *See* § 194.171(3), Fla. Stat. (2024).

The Florida Supreme Court has clearly held that the 60-day time period set forth in section 194.171(2) must be strictly enforced as a jurisdictional nonclaim statute rather than a statute of limitations. *See Ward v. Brown*, 894 So.2d 811 (Fla. 2004); *Markham v. Neptune Hollywood*

11

*Beach Club*, 527 So.2d 814 (Fla. 1988); *Bystrom v. Diaz*, 514 So.2d 1072 (Fla. 1987). The First District Court of Appeal has observed that the "difference between the two is that a statute of limitations bars untimely claims only when a party asserts the operation of that statute of limitations as an affirmative defense; a statute of nonclaim operates as an automatic bar to untimely claims." *Thames v. Jackson*, 598 So.2d 121, 132 (Fla. 1st DCA 1992), *overruled on other grounds by May v. Illinois Nat'l Inst.*, 771 So.2d 1143 (Fla. 2000). The 60-day jurisdictional limit of section 194.171(2) also applies to challenges of tax certificates and tax deed sales. *Shrewsbury v. Childers*, 379 So.3d 545 (Fla. 1st DCA 2024).

In plaintiffs' original complaint, Plaintiffs requested monetary relief for tax years 2011-2023. [Doc. 1 at p. 42] However, plaintiffs failed to include this information in their Amended Complaint, so there is nothing in plaintiffs' Amended Complaint that specifies which tax years plaintiffs are now attempting to challenge. Even considering the information in plaintiffs' original complaint, any challenge to the assessment and sale of tax certificates on plaintiffs' properties for tax years prior to 2024 is untimely pursuant to section 194.171, Florida Statutes, and must be dismissed.

There is no evidence that plaintiffs filed a petition with the Value Adjustment Board challenging the assessments of the subject properties for the 2011-2023 tax years. Thus, the relevant date to determine whether a challenge is timely is the initial certification date for each of the tax years at issue. *See* § 194.171(2), Fla. Stat. (2024); *Markham*, 575 So.2d at 1309. Because the 2023 tax year is the most recent tax year besides 2024, if plaintiffs fail to meet the 60-day jurisdictional requirement for that tax year, they also fail to meet it for the prior years.

The 2023 tax roll was initially certified on October 13, 2023. (2023 Tax Roll Certification attached as Exhibit A). Plaintiffs did not provide evidence that they challenged the 2023

assessment of the subject properties within 60-days of the certification of the tax roll.  The first time plaintiffs have challenged the 2023 assessment is the present lawsuit.  The date 60 days from certification would be December 12, 2023, and plaintiffs filed their complaint in this case on September 6, 2024.  This is well outside the 60-day time period established in section 194.171(2).  Thus, plaintiffs' attempt to now challenge tax years prior to 2023 is also well outside the 60-day jurisdictional time period.  Additionally, any challenge to the sale of tax certificates that occurred in the 2023 tax year, or prior, is also outside the 60-day jurisdictional time period.  *See Shrewsbury*, 379 So.3d at 546.

Furthermore, plaintiffs stopped paying taxes on the subject properties because tax certificates were sold on the subject properties.  Plaintiffs failed to include the relevant facts as to which tax years plaintiffs have paid their taxes, but the tax collector's information reflects that plaintiffs have not paid the taxes on the subject property for the 2023 tax year.  (Tax Collector documents attached as Exhibit B)  "In section 194.171, the Legislature required taxpayers to pay 'not less than the amount of the tax which the taxpayer admits in good faith to be owing" but provides that challenges will be dismissed in cases wherein the taxpayer fails to pay the undisputed amount of taxes "before they become delinquent."  *Ward v. Brown*, 894 So.2d 811, 815 (Fla. 2004) (quoting § 194.171(3), (5), Fla. Stat. (2001)).  This subsection of the statute is jurisdictional.  *See* § 194.171(6), Fla. Stat. (2024).  Here, plaintiffs have not paid the taxes for the 2023 tax year, so the taxes have become delinquent.  As a result, this Court has lost subject matter jurisdiction to determine the plaintiffs' challenge to the 2023 tax year as well as any prior years.  *See* § 194.171(3), (5), Fla. Stat. (2024)); *Ward*, 894 So.2d at 815.

Any attempt by plaintiffs to challenge an assessment or tax certificate for a tax year prior to 2024 is untimely pursuant to section 194.171, Florida Statutes.  To the extent plaintiffs challenge

13

the assessment and sale of tax certificates on the subject properties for tax years 2011-2023, the

challenge must be dismissed.  *See Markham*, 575 So.2d at 1309; *Shrewsbury*, 379 So.3d at 546;

*Ward*, 894 So.2d at 815.

## II.   DISMISSAL IS REQUIRED OF PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.

### (a)   Dismissal is required where plaintiffs' Amended Complaint is a "shotgun pleading" in violation of Federal Rule of Civil Procedure 8(a)(2).

Plaintiffs' Amended Complaint is a shotgun pleading.  Although the Court gave Plaintiffs

a chance to fix their pleading problems the first time around, the Amended Complaint fares no

better.  When stripped of the vague and conclusory allegations, the complaint reveals next to

nothing about the core controversy—much less the specific actions of the different parties.  In

short, the Amended Complaint fails to put Defendants on notice of the claims.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading state a claim for relief that

contains a short and plain statement of the claim showing that the pleader is entitled to relief.  A

"shotgun pleading" violates Rule 8 by failing to give the defendants adequate notice of the claims

against them and the grounds upon which each claim rests.  *Weiland v. Palm Beach Cnty. Sheriff's

Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291 (11th

Cir. 2018).  One type of shotgun pleading is a complaint that is replete with conclusory, vague,

and immaterial facts not obviously connected to any particular cause of action.  *Weiland*, 792 F.3d

at 1322–23.

It is true that courts are permitted to allow a litigant a chance to remedy any deficiencies in

an initial pleading.  *Shabanets*, 878 F.3d at 1295.  But Plaintiffs already got that chance.  This

Court permitted plaintiffs to file an Amended Complaint after determining that their initial

complaint was insufficient.  [Doc. 6]  Although the Amended Complaint corrects some of the

deficiencies pointed out in this Court's order, it still fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *See* Fed. R. Civ. P. 8(a)(2).

Plaintiffs generally allege that the Property Appraiser and Tax Collector lacked training in the Florida Constitution, the Florida Statutes, and the Florida Revenue Codes. Plaintiffs broadly claim that these Defendants acted under the color of law and violated Plaintiffs' Fifth and Fourteenth Amendment rights. Yet there are no factual allegations explaining how those rights were allegedly violated. Nor are there any facts about the County's involvement other than their alleged failure to enforce training. What's more, Plaintiffs fail to apply the few facts to their claims for relief, so it is impossible for the defendants to determine the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1320. At bottom, Plaintiffs' Amended Complaint fails to give Defendants adequate notice of the claims that are raised against the County. *See id.*; Fed. R. Civ. P. 8(a)(2). As a result, the Amended Complaint should be dismissed.

      **(b)    Dismissal is required for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).**

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Caldwell v. Dodge Chrysler Group*, 2019WL11790555 at \*2 (M.D. Fla. October 29, 2019) (*citing Neitzke v. Williams*, 490 U.S. 319, 326 (1989)). Courts may only grant a motion to dismiss where it is demonstrated beyond a doubt that a plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Day v. Taylor*, 400 F. 3d 1272, 1275 (11th Cir. 2005) (*citing Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

      **(i)    Plaintiffs' claims against the County should be dismissed.**

The Court should dismiss the Amended Complaint, specifically Count I as to the County, for three reasons. First, as discussed in Section II (a) above, the Amended Complaint is a shotgun

pleading.  Second, Plaintiffs' claims are based on allegations that Defendants Bandi and Watford are employees of the County.  Yet these are constitutional officers acting separate and apart from the County.  Third, Even liberally construing Plaintiff's Amended Complaint, the facts are grossly insufficient to support any cognizable claim for relief under § 1983.  Thus, the Court should dismiss the claims as to the County.

The County is not vicariously liable under Plaintiffs' allegations because Defendants Bandi and Watford are not County employees.  Rather, tax collectors and property appraisers are constitutional officers elected by the electors of each county.  Fla. Const. Art VIII § 1(d).  These officers are governed by comprehensive statutory schemes. Chapter 197 governs tax collections and describes the duties of tax collectors.  Among other things, the tax collector "has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs, by sale of tax certificates on real property and by seizure and sale of personal property."  § 197.332, Fla. Stat.  Likewise, Chapter 193 explains the duties of property appraisers.  *See* § 193.023, Fla. Stat.  Plaintiffs' allegations concern actions governed by Florida Statutes; the allegations do not support a duty on the part of the County to implement any training or policies on these constitutional officials.

Even liberally construing the Amended Complaint, Plaintiffs fail to state a claim against the County under § 1983.  The Supreme Court has strictly limited municipal liability under § 1983. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); *Monell v. Department of Soc. Services of City of New York*, 436 U.S. 658 (1978).  Municipal liability under § 1983 is limited to acts which the municipality has officially sanctioned or ordered.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, 480 (1986).

Here, Plaintiffs allege no facts that suggest that the County has any official policy related to the claims.  Nor do Plaintiffs allege sufficient facts to show that the County has the final authority to establish a policy concerning the actions at issue.  To the contrary, the statutory provisions in, among others, Chapters 193 and 197 regarding assessments and tax collections govern the officers' duties.  To the extent that Plaintiffs allege that additional training would have prevented whatever injury they claim took place, those allegations are not enough.  *See Harris*, 489 U.S. at 391.  ("Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.").  Simply put, Plaintiffs fail to state a claim for relief against the County.

### (ii)     Plaintiffs' claims against the Property Appraiser and Tax Collector should be dismissed.

Plaintiffs argue that their rights were violated under the Fifth and Fourteenth Amendments to the United States Constitution due to the property appraiser improperly assessing their real property and the tax collector selling tax certificates on such.  The United States Supreme Court has determined that States have the power to tax within their borders as long as such tax does not violate the United States Constitution.  *See Greenough v. Tax Assessors of City of New Port*, 331 U.S. 486, 490 (1947) ("For the purpose of the taxation of those residents within her borders, Rhode Island has sovereign power unembarrassed by any restriction except those that emerge from the Constitution. Whether that power is exercised wisely or unwisely is the problem of each state."). Pursuant to both the Due Process and Commerce Clauses, a State may not tax value earned outside of its borders.  *Allied-Signal, Inc. v. Director, Div. of Taxation*, 504 U.S. 768, 777 (1992); *see also MeadWestvaco Corp. ex rel. Mead Corp. v. Illinois Dep't of Revenue*, 553 U.S. 16, 19 (2008) ("The Due Process and Commerce Clauses forbid the States to tax 'extraterritorial values.'" (citations omitted)).

17

The Florida Constitution allows for taxes to be levied in pursuance of law with ad valorem taxes on real estate and personal property being delegated to counties, school districts, municipalities, and sometimes special districts.  Art. VII, §§ 1, 9, Fla. Const. (authorizing counties to levy ad valorem taxes).  Both the property appraiser and tax collector are county officers whose positions were created by the Florida Constitution.  Art. VIII, § 1(d), Fla. Const.  Under the Florida Constitution, counties, through county officers, have the power to assess and collect ad valorem taxes on real property.

Title XIV of the Florida Statutes contains the provisions related to taxation and finance and governs the assessment and collection of taxes on real property, including the sale of tax certificates when taxes are not paid.  The "county property appraiser" is the "county officer charged with determining the value of all property within the county, with maintaining certain records connected therewith, and with determining the tax on taxable property after taxes have been levied."  § 192.001(3), Fla. Stat. (2024).  The property appraiser "shall assess *all property located within the county*, except inventory, whether such property is taxable, wholly or partially exempt, or subject to classification reflecting a value less than its just value at its present highest and best use."  § 192.011, Fla. Stat. (2024) (emphasis added).  Under Florida law, it is the property itself that is taxed, and not the property owner.  *See Interlachen Lakes Estates, Inc. v. Snyder*, 302 So.2d 433, 435 (Fla. 1973) (relying on principle that all property must be measured under the same criteria in determining that a statute favoring one type of property owner from another was unconstitutional).

The tax collector is the "county officer charged with the collection of ad valorem taxes levied by the county, the school board, any special taxing districts within the county, and all municipalities within the county."  § 192.001(4), Fla. Stat. (2024).  All taxes are due and payable

on November 1 of each year or as soon thereafter as the certified tax roll is received.  § 197.333, Fla. Stat. (2024).  Taxes are delinquent on April 1 following the year in which they are assessed or immediately after 60 days have expired from the mailing of the original tax notice.  *Id.*

"The tax collector has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs, by sale of tax certificates on real property and by seizure and sale of personal property." § 197.332(1), Fla. Stat. (2024).  Once taxes become delinquent, the tax collector oversees the selling of tax certificates.  § 197.432(1), Fla. Stat. (2024) ("On the day and approximately at the time designated in the notice of the sale, the tax collector *shall* commence the sale of the tax certificates on the real property on which taxes have not been paid.") (emphasis added)).  Issuing tax certificates is a ministerial duty that the tax collector is required to complete when taxes become delinquent.  *See Escambia Cnty. v. Bell*, 717 So.2d 85, 88 (Fla. 1st DCA 1998) (holding certain tax collector duties are ministerial).

The property appraiser properly assessed Plaintiffs' real property pursuant to the Florida Constitution and Florida law.  Plaintiffs allege that they own the subject properties in Okeechobee County, Florida.  Pursuant to Florida law, the property appraiser was required to assess plaintiffs' properties.  *See* § 192.011, Fla. Stat. (2024) (stating the property appraiser must assess *all properties* within a county) (emphasis added).  There is nothing in Florida law stating that real property is not assessed or subject to taxation because it is non-commercial property.  To the extent that plaintiffs argue their property is not subject to taxation because it is not commercial property, they are incorrect.  This position is clearly refuted where the property appraiser is required to assess all property within the county.[4]  *See* § 192.011, Fla. Stat. (2024).

---

[4] Plaintiffs fail to allege that they are entitled to any kind of exemption that would result in their property not being subject to taxation.  Based on the limited facts provided, there is no exemption they would qualify for that would provide for a total exemption from taxation.

Plaintiffs allege that the tax collector improperly sold tax certificates on their property absent lawful authority.  The tax collector did not act unlawfully where she was required to sell tax certificates on plaintiffs' properties after the taxes became delinquent.  *See* § 197.432(1), Fla. Stat. (2024) (stating the tax collector *shall* commence the sale of tax certificates on real property on which taxes have not been paid) (emphasis added)).  The tax collector's duty is ministerial, and she was required to sell tax certificates when the taxes on plaintiffs' properties became delinquent. *See Bell*, 379 So.2d at 88.  It has already been established that the property appraiser properly assessed plaintiffs' properties for taxation.  Thus, the tax collector acted as required by Florida law by selling tax certificates on plaintiffs' properties after the taxes became delinquent.  *See* § 197.432(1), Fla. Stat. (2024).

Plaintiffs attempt to argue that both the property appraiser and the tax collector failed to properly train their subordinates, which resulted in violation of plaintiffs' substantive rights.  This argument is incorrect.  "[U]nder § 1983, a supervisor can be held liable for failing to train his or her employees 'only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [officers] come into contact.'"  *Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1052 (11th Cir. 2014) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)); *Thomas v. Poveda*, 518 Fed. Appx. 614, 618 (11th Cir. 2013) (stating "a supervisory official is not liable under § 1983 for a failure to train unless that failure amounts to a deliberate indifference.").  In *Thomas*, the Eleventh Circuit determined that Thomas failed to make any allegations supporting a conclusion that the alleged failure to train amounted to deliberate indifference, so the dismissal of his "failure to train" claim was upheld.  *Thomas*, 518 Fed. Appx. at 618.  Failure to train can amount to deliberate indifference where the need for more or different training is obvious.  *See Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1397–98 (11th Cir. 1994).

20

Plaintiffs have failed to support a section 1983 claim based on the property appraiser's and tax collector's failure to adequately train and supervise their subordinates.  As in *Thomas*, plaintiffs have failed to make any allegations supporting a conclusion that the alleged failure to train amounted to deliberate indifference.  There is no evidence that there is a need for more or different training by either the property appraiser or the tax collector.  *See Belcher*, 30 F.3d at 1397–98. The property appraiser and his employees acted in accordance with the Florida Constitution and Florida law in assessing plaintiffs' real properties located in Okeechobee County, Florida.  *See* Art. VII, §§ (1), (9), Fla. Const.; § 192.011, Fla. Stat. (2024).  The tax collector and her employees also acted in accordance with Florida law by selling tax certificates on plaintiffs' properties once the taxes became delinquent as required by section 197.432(1), Florida Statutes (2024).  Where the property appraiser, tax collector, and their employees followed Florida law and did not violate plaintiffs' substantive rights, plaintiffs are unable to succeed on a § 1983 claim for failure to adequately train and supervise their subordinates.

> **(c)    Dismissal is required of Plaintiffs' claims against the property appraiser and tax collector in their individual capacities because plaintiffs failed to include allegations involving actions taken outside their statutory duties.**

Plaintiffs fail to include any allegations that Mr. Bandi or Ms. Watford acted improperly outside their statutory duties as property appraiser and tax collector.  Even if a party is named "individually" in a complaint, if it is clear from the body of the complaint that claims do not pertain to the party in their individual capacity, the party is not a party to the action.  *Beseau v. Bhalani*, 904 So.2d 641, 642 (Fla. 5th DCA 2005) ("Although Appellant, 'individually' was named in the complaint's caption, the body of the complaint makes clear that her claims were made solely as personal representative of the estate.  Thus, Appellant was never a party to the action in her individual capacity."); *Grasso v. Grasso*, 143 So.3d 1050, 1050 (Fla. 2d DCA 2014) ("Olga Grasso

asserted no claims against Margaret or Michelle in their individual capacities but only as purported cotrustees. As such, Margaret and Michelle were not parties to the action in their individual capacities and the trial court erred in taxing costs against them individually.").

Both Mr. Bandi and Ms. Watford were named in the complaint in their individual capacity, but it is clear from the body of the complaint that plaintiffs' claims were against Mr. Bandi and Ms. Watford in their official capacities as property appraiser and tax collector.  All the allegations against Mr. Bandi and Ms. Watford as individuals involve actions taken during the course of their statutory duties as property appraiser and tax collector.  *See* § 192.011, Fla. Stat. (2024) ("The property appraiser shall assess all property within the county …"); § 197.332(1), Fla. Stat. (2024) ("The tax collector has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes, interest, and costs, by sale of tax certificates on real property...").  Mr. Bandi and Ms. Watford were not a party to the action in their individual capacities, and the portion of the Amended Complaint alleging such should be dismissed.  *See Beseau*, 904 So.2d at 642.

<u>**CONCLUSION**</u>

**Wherefore**, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendants, respectfully move this Court for the entry of an order dismissing the Amended Complaint for lack of subject matter jurisdiction, and failure to state a cause of action.

Submitted the 13th day of November 2024.

<u>*/s/ Loren E. Levy*</u>
Loren E. Levy, Esquire
Fla. Bar No. 0814441
Sydney E. Rodkey, Esquire
Fla. Bar No. 1018436
The Levy Law Firm
1828 Riggins Road
Tallahassee, Florida 32308

<u>*/s/ Geraldo F. Olivo, III*</u>
Geraldo F. Olivo, III, Esquire
Florida Bar No. 0060905
Henderson Franklin Starnes & Holt, P.A.
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1168
jerry.olivo@henlaw.com

Telephone (850) 219-0220  
eservice@levylawtax.com  
srodkey@levylawtax.com  
gsmith@levylawtax.com  
*Counsel for defendants, Mickey L. Bandi,*  
*Okeechobee County Property Appraiser,*  
*and Celeste Watford, Okeechobee County*  
*Tax Collector*

sarah.howie@henlaw.com  
*Counsel for Defendant Okeechobee County*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of November, 2024, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF System and that a copy will be served upon

the following via transmission of Notices of Electronic Filing generated by the CM/ECF System:

| | | |
|---|---|---|
| Scott A. Principe | Mary Downman Principe | David A. Steen |
| 896 NE 104th Court | 896 NE 104th Court | 2114 SE 34th Lane |
| Okeechobee, Florida 34974 | Okeechobee, Florida 34974 | Okeechobee, Florida 34974 |
| principescott3@gmail.com | principemary@gmail.com | murfy196755@gmail.com |
| *Pro se Plaintiff* | *Pro se Plaintiff* | *Pro se Plaintiff* |

HENDERSON, FRANKLIN, STARNES & HOLT, P.A.  
*Counsel for Defendant Okeechobee County*  
Post Office Box 280  
Fort Myers, Florida 33902-0280  
Telephone (239) 344-1168  
jerry.olivo@henlaw.com  
sarah.howie@henlaw.com

*/s/ Geraldo F. Olivo, III*  
Geraldo F. Olivo, III  
Florida Bar No. 0060905

DR-403, R. 6/11
FAC Rule 12D-16.002

## TAX ROLL CERTIFICATION

I,  **Mickey L. Bandi, CFA**  , the Property Appraiser of  **Okeechobee County** County, Florida,
certify that all data reported on this form and accompanying forms DR-403V, DR-403CC, DR-403BM, DR-403PC, and
DR-403EB, is a true recapitulation of the values of the assessment rolls of

**Okeechobee County** County, Florida,

and that every figure submitted is correct to the best of my knowledge.   I certify that changes to the values of the
assessment rolls, as initially reported on forms DR-488AC, DR-489AM, DR-489PC, and DR-489EB, are documented or can
be verified with

1) A validated change of value or change of exemption order from the value adjustment board (Form DR-485),
2) A document which authorizes official corrections of the assessment rolls (Form DR-409),
or
3) Otherwise in writing.



_____                    October 13, 2023
Signature of Property Appraiser                             Date

Value Adjustment Board Hearings

The value adjustment board hearings are completed and adjusted values have been included.      ☐ Yes   ☒ No

EXHIBIT
A

**NOTICE OF AD VALOREM TAXES & NON-AD VALOREM ASSESSMENTS**

**BILL #** R 2540300 2023   **PROPERTY #** R 1-15-37-36-0A00-00002-1100

Real Estate TAX/NOTICE RECEIPT FOR OKEECHOBEE COUNTY

## * CERTIFICATE SOLD *

| | | |
|---|---|---|
| **Sale Date** | 06/01/2024 | PRINCIPE SCOTT |
| **Certificate#** | 2008 | PRINCIPE MARY |
| **Certificate Holder** | 9991157 | 896 NE 104TH CT |
| **Interest Rate** | 7.75 | OKEECHOBEE , FL 349748246 |
| **Original Amount** | $991.02 | |

| | |
|---|---|
| **Interest Amount** | $49.55 |
| **Fees** | $6.25 |

BEING A PARCEL OF LAND LYING
IN SECTION 15, TOWNSHIP 37
SOUTH, RANGE 36 EAST,
OKEECHOBEE COUNTY, FLORIDA,

**UnPaid Balance** **$1,046.82**

Exemptions:
HX-$25,000.00 HB-$0.00 DX-$5,000.00

**TAXABLE VALUE** $17,756.00

**Property Address:**
896 NE 104TH CT OKEECHOBEE 34974

**Delinquent Tax History**

| Year | Roll | Bill # | Outstanding Tax | Accrued Penalties | Total Due | Reference | Add To Cart |
|---|---|---|---|---|---|---|---|
| 2023 | R | 2540300-I | $991.02 | $55.80 | $1,046.82 | 2008 I | ⊕ P A Y |
| | | | | Total Due | $1,046.82 | | |



EXHIBIT
B

**NOTICE OF AD VALOREM TAXES & NON-AD VALOREM ASSESSMENTS**

**BILL #** R 2347300 2023   **PROPERTY #** R 1-35-37-35-0020-00000-1360

Real Estate TAX/NOTICE RECEIPT FOR OKEECHOBEE COUNTY

# * CERTIFICATE SOLD *

| | | |
|---|---|---|
| Sale Date | 06/01/2024 | STEEN DAVID A |
| Certificate# | 1909 | 2114 SE 34TH LANE |
| Certificate Holder | 9991165 | |
| Interest Rate | 9.00 | OKEECHOBEE , FL 34974 |
| Original Amount | $1,026.76 | |

| | |
|---|---|
| Interest Amount | $51.34 |
| Fees | $6.25 |

TAYLOR CREEK ISLES SECTION ONE
(PLAT BOOK 3 PAGES 59 & 59A)
LOT 136

**UnPaid Balance** **$1,084.35**

**TAXABLE VALUE** $20,000.00

Exemptions:
HX-$25,000.00 HB-$485.00 VX-$5,000.00

**Property Address:**
2114 SE 34TH LANE OKEECHOBEE 34974

**Delinquent Tax History**

| Year | Roll | Bill # | Outstanding Tax | Accrued Penalties | Total Due | Reference | Add To List |
|---|---|---|---|---|---|---|---|
| 2023 | R | 2347300-I | $1,026.76 | $57.59 | $1,084.35 | 1909 I | ⊕ P A Y |
| | | | Total Due | | $1,084.35 | | |