UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

2:24-cv-14292-AMC

Scott A. Principe and

Mary Downam Principe

David A. Steen

  Plaintiffs,

v.

Okeechobee County Municipality

Okeechobee County Property Appraiser

Mickey L. Bandi

Okeechobee County Tax Collector

Celeste Watford

Defendants,

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS**

**MOTION TO DISMISS**

Comes now Plaintiffs Scott A. Principe and Mary Downam Principe, David A. Steen in opposition to Defendants' Motion to Dismiss (DOC 35). The Plaintiffs contend that they have alleged sufficient facts in the complaint for Deprivation of Rights within the meaning of 42 U.S.C. **§ 1983.**

# INTRODUCTION

Defendants allege the Plaintiffs' initial complaint failed to include facts supporting Plaintiffs' claims. [Id. At pp. 2-27] The Plaintiffs can see the Defendants have clearly read the original complaint as they have referred to it multiple times and are very aware of the facts and exhibits that cannot be disputed. [Doc. 1 att. 1-10] The Plaintiffs realleges and reincorporates all evidence filed into the court. [Doc. 14 at 48] The Defendants allege consistently Plaintiffs are the Taxpayer defined in the statutes and the Florida Admin.Codes. The Defendants allege this Honorable Court lacks jurisdiction this couldn't be further from the truth. Defendant Property Appraiser alleges he properly assessed the Plaintiffs' property pursuant to the Florida Constitution and Florida law. Defendants allege there is nothing in Florida law stating that real property is not assessed or subject to taxation because it is non-commercial property. Defendants rely on FS. § 192.011 to tax every square inch of the county.

# RESPONSE AND MEMORANDUM OF LAW

1. The Defendants allege this Honorable Court lacks jurisdiction.

    a) 42 U.S.C. §1983 Civil action for deprivation of rights.

    b) 28 U.S.C. § 1331 Federal question.

    c) Property owners may now bring takings claims directly to Federal court. **(See Knick v. Township of Scott Pa. No.17-647)**

1

2. Defendant Property Appraiser alleges he properly assessed the Plaintiffs' property pursuant to the Florida Constitution and Florida law.

    a) The need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights of the Plaintiffs, or the Defendant BANDI knowingly used DOR code 0200 to assess the Plaintiffs' property under color of law as owners of a mobile home park.

    b) FS. § 195.073 **Classification of property.** – All items required by law to be on the assessment rolls must receive a classification based upon the use of the property. The department shall promulgate uniform definitions for all classifications. The department may designate other subclassifications of property. No assessment roll may be approved by the department which does not show proper classifications.

    **c) FAC 12D-6.001 Mobile Homes and Prefabricated or Modular Housing Units Defined.**

(1) Mobile homes are vehicles which satisfy the following:

(a) Manufactured upon a chassis or under carriage as an integral part thereof; and,

(b) Without independent motive power; and,

(c) Designed and equipped to provide living and sleeping facilities for use as a home, residence, or apartment; or designed for operation over streets and highways.

(d) The definition of "mobile home" shall be as defined under Sections 320.01 (2) and 723.003 (3) F.S. (1989) and under paragraph 12A-1.007 (11) (a) F.A.C.

(e) Title XL REAL AND PERSONAL PROPERTY Chapter 723 MOBILE HOME PARK LOT TENANCIES

(2) "Division" means the Division of Florida Condominiums, Timeshares, and Mobile Homes of the Department of Business and Professional Regulation.

(11) "Mobile home owner" "mobile homeowner" or "homeowner" means a person who owns a mobile home and rents or leases a lot within a mobile home park for residential use.

(12) "Mobile home park" or "park" means a use of land in which lots or spaces are offered for rent or lease for the placement of mobile homes and in which the primary use of the park is residential.

- d) Therefore, the assessment roll was falsified by classifying Plaintiffs property as owners of a Mobile Home Park. **"Courts should be acute to distinguish between an exaction which in substance and reality is what it pretends to be and a scheme to lay a tax upon a nontaxable subject by a deceptive use of words." Macallen Co. v Massachusetts, 279 U.S. 620, 73 L Ed 874, 49 S Ct 432, 65 ALR 866, reh den 280 U.S. 513, 74 L Ed 585, 50 S Ct 14.**
- e) [See exhibit 1 Doc. 1-2 pp. 2,3, and 16 See also exhibit 1A Doc. 1-3 pp. 2,3, and 6]

3. The Defendants allege consistently Plaintiffs are the taxpayer defined in the statutes and Florida Admin. Codes and not the Natural Person in the Florida Constitution.

- a) Title XIV TAXATION AND FINANCE Chapter 192 TAXATION: GENERAL PROVISIONS
  (13) "Taxpayer" means the person or other legal entity in whose name property is assessed, including an agent of a timeshare period titleholder.
- b) F.A.C. 12D-1.002 Definitions:

  (4) "Taxpayer"- The person or other legal entity in whose name the property is assessed. The term "owner" and "possessor" may be used interchangeably with "taxpayer" where the context so indicates.

- c) Therefore, the Natural Person exercising their right to own property and have shelter to sustain life cannot be confused with the (Taxpayer) The Person or other Legal Entity exercising a taxable privilege. **"A person liable for a tax is a person subject to a tax and comes squarely within the definition of a taxpayer in the statute." Houston Street Corp. vs. commissioner, 84 F.2d 821, 822 (5th Cir. 1936).**

3

4. Defendants allege there is nothing in Florida law stating that real property is not assessed or subject to taxation because it is non-commercial property.

   a) Chapter 196 EXEMPTION FS §196.181 Exemption of household goods and personal effects. - There shall be exempt from taxation to every person residing and making his or her permanent home in this state household goods and personal effects. Title to such household goods and personal effects may be held individually, by the entireties, jointly or in common with others.

   b) 12D-7.002 Exemption of Household Goods and Personal Effects.

Only household goods and personal effects of the taxpayer which are actually employed in the use of serving creature comforts of the owner and not for commercial purposes are entitled to the exemption provided by section196.181, F.S. "Creature comforts" are things which give bodily comfort, such as food, clothing, and shelter. Commercial purposes includes owning household goods and personal effects as stock in trade or as furnishings in rental dwelling units. **See Herzog v. Colding 437 So.2d 226 (Fla. Dist. Ct App. 1983) see also Colding v. Herzog 467 So. 2d 980 (1985)**

   c) "...an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity..." **Jones vs. United States, 529 U.S., 146 L Ed 2d 902, 120 S. Ct. (May 22, 2000).**

5. Defendants rely on § 192.011 to tax every square inch of the county.

   a) F.A.C. 12D-8.001 All Property to Be Assessed.
      (1) General

      (a) The property appraiser shall make a determination of the value of all property (whether such property is taxable, wholly or partially exempt, or subject to classification reflecting a value less than its just value at its present highest and best use) located within the county according to its just or fair market value on the first day of January of each year and enter the same upon the appropriate assessment roll under the heading "Just Valie" If the parcel qualifies for a classified use assessment, the classified use value shall be shown under the heading " Classified Use Value."
      (b) The following are specifically excluded from the requirements of paragraph (a) above:
      5. Household goods and personal effects of every person residing and making his or her permanent home in the state are exempt from taxation. Title to such household goods and personal effects may be held individually, by the entireties, jointly, or in common with others. Storage in a warehouse, or other place of safekeeping, in and of itself, does not alter the status of such property. Personal effects is a category of personal property which includes such items as clothing jewelry, tools, and hobby equipment. No return of such

4

property or claim for exemption need be filed by an eligible owner and no entries need be shown on the assessment roll.

6. The Defendants allege the Plaintiffs attempt to argue that both the Property Appraiser and the Tax Collector failed to properly train their subordinates, which resulted in violation of Plaintiffs' substantive rights.

    **a)** The need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights of the Plaintiffs, or the Defendant WATFORD knowingly taxed the Plaintiffs' property using a falsified assessment as the owners of a mobile home park.

The Defendant WATFORD then used the falsified assessment for the tax claims and to sell tax certificates under color of law to the Plaintiffs' property/shelter depriving the Plaintiffs of the right to own property and merely have shelter to sustain life, without due process. **[ See exhibits Doc. 35 pp. 26 and 27].**

    **b)** "Indeed, it is that right of property lies at the foundation of our constitutional government and is necessary to the existence of civil liberty and free institutions, and there is no greater safeguard to the perpetuity of our republic and traditions and institutions than the responsibility of property ownership. The constitutional prohibition against the deprivation of property without due process of law reflects the high value embedded in constitutional and political history, that is on a person's right to enjoy what is his, free of governmental interference." **Miller v. McKenna, 23 Cal 2d 774, 147 p2d 531; Palmetto v. Katsch, 86 Fla 506, 98 So 352 Fuentes v. Shevin, 407 U.S. 67, 32 L Ed 2d 556, 92 S Ct 1983, 10 UCCRS 913, reh den 409 U.S. 902, 34 L Ed 2d 165, 93 S Ct 177.**

    **d)** The governing principle is accurately stated in Corpus Juris, 566, "There need not be an actual, physical taking, but any destruction, restriction or interruption of the common and necessary use and enjoyment of property in a lawful manner may constitute a taking for which compensation must be made to the owner of the property." **Andress vs. Zoning Board of adjustment, 410 Pa. 77 (1963).**

7. The Defendant COUNTY allege Plaintiffs allege no facts that the County has any official policy to the claims.

   a) The Plaintiffs find it hard to believe that Defendant COUNTY does not have some type of policy for the enforcement of training as a safeguard to prevent a constitutional violation.

   b) The Defendant COUNTY absence of a policy is as insufficient as having a bad policy.

   c) To establish a custom or practice in the absence of a formal policy will usually require proof of repeated incidents suggesting a pattern or practice. The existence of a widespread practice can be so permanent and well- settled to constitute a custom or usage with the force of law. [ footnote 9]

   d) When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality's. authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final. [ footnote 13] **In City of St. louis v. Prapotnik, 485 U.S. 112 (1988). See F.S. § 193.116 See also F.S. §165.031 (1) and Fl. Constitution Article VIII Sec. 1.**

   e) In City of Canton v. Harris, the Supreme Court explained that inadequate training could give rise to liability if: in light of duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy-makers can reasonably be said to have been deliberately indifferent to the need. **[footnote 20]**

   f) Owen v. City of Independence: A municipality may not escape liability by claiming its officers or employees acted in good faith. **[footnote 26]** By creating an express federal remedy, Congress sought to " enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with

6

their authority or misuse it." How "uniquely amiss" it would be, therefore, if the government itself ... were permitted to disavow liability for the injury it has begotten. ... Moreover, § 1983 was intended not only to provide compensation to the victims of past abuses, but to serve as a deterrent against future constitutional deprivations, as well. ... The knowledge that a municipality will be liable for all of its injurious conduct, whether committed in good faith or not, should create an incentive for officials who may harbor doubts about the lawfulness of their intended actions to err on the side of protecting citizens' constitutional rights. Furthermore, the threat that damages might be levied against the city may encourage those in a policymaking position to institute internal rules and programs designed to minimize the likelihood of intentional infringements on constitutional rights. **[footnote 29]**

## COCLUSION

Defendants have clearly read the original complaint and exhibits (evidence) also the amended complaint and are aware of the allegations and facts. The Defendants are using technicalities to evade the Plaintiffs' complaint. Federal Rule of Civil Procedure 15 (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. It is settled law that the allegations of such a complaint, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers," and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Haines v. Kerner, 404 U.S. 519, 404 U.S. 520 (1972).**

**WHEREFORE** Plaintiffs respectfully move this court to deny the Defendants' motions to dismiss on all counts with prejudice.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing will be sent after filing with the Clerk of Court

___EMAIL___ on ___11-25-24___

On all counsel or parties of record below

_____
Signature of filer

Loren E. Levy, Esquire

Fla. Bar No. 0814441

Sydney E. Rodkey, Esquire

Fla. Bar No.1018436

The Levy Law Firm

1828 Riggins Road

Tallahassee, Florida 32308

Telephone (850) 219-0220

eservice@levylawtax.com

srodkey@levylawtax.com

gsmith@levylawtax.com

Counsel for defendants, Mickey L. Bandi, Okeechobee County Property Appraiser, And Celeste Watford, Okeechobee County Tax Collector

Geraldo F. Olivo, III, Esquire

Fla. Bar No. 0060905

Henderson Franklin Starnes & Holt P.A

Post Office Box 280

Fort Myers, Florida 33902-0280

Telephone (239) 344-1168

jerry.olivo@henlaw.com

sarah.howie@henlaw.com

Counsel for Defendants Okeechobee County

## SERVICE LIST

Scott A. Principe

Principescott3@gmail.com

896 NE. 104thCT.

Okeechobee FL. 34974

863-634-8256

*/s/ Scott Principe*

David A. Steen

Murfy196755@gmail.com

2114 SE. 34th LN.

Okeechobee FL. 34974

863-697-2243

*/s/ David A. Steen*

Mary Downam Principe

principemary@gmail.com

896 NE. 104th CT.

Okeechobee FL. 34974

863-634-8257

*/s/ Mary Principe*