**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

CASE NO: **2:24-cv-14292-AMC**

**SCOTT A. PRINCIPE**, **MARY
DOWNMAN PRINCIPE**, and **DAVID
A. STEEN**,

        Plaintiffs,

vs.

**OKEECHOBEE COUNTY MUNICIPALITY**,
**MICKEY L. BANDI** , Okeechobee County
Property Appraiser, and **CELESTE WATFORD**,
Okeechobee County Tax Collector,

        Defendants.

_____/

**DEFENDANTS' COMBINED REPLY TO PLAINTIFFS' RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

        Defendants, Mickey Bandi, in his individual official capacity as Okeechobee

County Property Appraiser (property appraiser), and Celeste Watford, in her individual official

capacity as Okeechobee County Tax Collector (tax collector), and Defendant Okeechobee County

Municipality (the "County"), by and through the undersigned counsel, and pursuant to Local Rule

7.1(c), reply to Plaintiffs' Response to Defendants Motion to Dismiss [Doc. 36], and say:

**Introduction and Background**

        Plaintiffs filed their Complaint in this case on September 6, 2024. [Doc. 1].

Plaintiffs alleged that there was no lawfully promulgated procedure to tax the plaintiffs' property,

so plaintiffs' property was unlawfully taxed using commercial taxing procedures. [*Id.*] Plaintiffs

argued that such conduct was criminal, violated the United States and Florida constitutions, and

was unlawful under both federal and state law.  [*Id.*]  After plaintiffs filed their complaint, this Court issued an Order Dismissing Complaint without Prejudice and Permitting Repleading.  [Doc. 6]

Plaintiffs timely filed their Amended Complaint on October 4, 2024.  [Doc. 14] The facts included in the amended complaint are scarce and plaintiffs failed to attach any exhibits to support their allegations.  [Doc. 14 at p. 2-3]  Plaintiffs argue that the County, the property appraiser, and the tax collector failed to properly train their employees, which deprived plaintiffs of their rights and privileges under the United States Constitution.  [Doc. 14 at pp. 3-9]  Plaintiffs also allege that the property appraiser and tax collector improperly assessed and taxed their real property.  [Doc. 14 at pp. 5-10]

Defendants filed a Combined Motion to Dismiss Plaintiffs' Amended Complaint. [Doc. 35]  Defendants argued that the Amended Complaint should be dismissed because this Court lacks subject matter jurisdiction pursuant to the Tax Injunction Act and because it is untimely pursuant to Florida law.  [Doc. 35 at pp. 5-14]  Additionally, the Amended Complaint fails to state a cause of action because it constitutes a "shotgun pleading" and fails to state a claim as to any of the defendants under Federal Rule of Civil Procedure 12(b)(6).  [Doc. 35 at pp. 14-22]

Plaintiffs filed a response to the defendants' motion to dismiss.  [Doc. 36]  In the response, Plaintiffs attempt to incorporate the allegations and evidence included in their original complaint.  [Doc. 36 at p. 2]  Plaintiffs also continue to argue that the property appraiser and tax collector improperly assessed and taxed the subject property, and that the County's policies are insufficient.  [Doc. 36 at pp. 2-7]

**Memorandum of Law**

Plaintiffs' response improperly attempts to reallege and reincorporate the allegations and evidence from the original complaint.  "As a general matter '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).  Once an amended complaint is accepted by the court, the original complaint is superseded.  *Pintando*, 501 F.3d at 1243.

Here, plaintiffs attempt to rely on factual allegations and evidence provided in their original complaint.  [Doc. 36 at p. 2]  In the conclusion of their response, plaintiffs state, "Defendants have clearly read the original complaint and exhibits (evidence) also the amended complaint and are aware of the allegations and facts.  The Defendants are using technicalities to evade the Plaintiffs' complaint."  [Doc. 36 at p. 7]  Whether or not the defendants read the original complaint is irrelevant.  Where this Court dismissed the original complaint and plaintiffs filed an Amended Complaint, that Amended Complaint superseded the original.  *See Pintando*, 501 F.3d at 1243.  Thus, plaintiffs' attempt to rely on the factual allegations and evidence provided in the original complaint to rebut the defendants' motion to dismiss is improper.

Plaintiffs attach exhibits to their response that were included in their original complaint, but not their Amended Complaint.  The exhibits include the 2011 and 2024 property record cards for the Principe property and the 2020 and 2023 property record cards for the Steen property.  [Doc. 36 at pp. 2-3, 5-6]  They also include the sold tax certificate for the Principe property.  [Doc. 36 at p. 8]  Plaintiffs failed to refer to any of these documents in the body of their

3

response.  Pursuant to Federal Rule 12(b)(6) a motion to dismiss is typically limited to the four corners of the complaint.  *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024).  However, courts have permitted certain documents to be considered along with a motion to dismiss.  *Id.* at 1298–99 (permitting courts to consider documents attached to a motion to dismiss if the document is central to the plaintiff's claim and undisputed, or if it is subject to judicial notice).  The defendants do not believe a response to a motion to dismiss is a proper vehicle to consider documents that were not included in the Amended Complaint but, even if this Court were to consider the documents, they do not affect the arguments in defendants' motion to dismiss.  In fact, the documents support the defendant's contention that this is a state matter and this Court lacks jurisdiction.

In reply to the remainder of plaintiffs' response, the defendants rely on the arguments presented in their combined motion to dismiss.  [Doc. 35]  The defendants request that this Court dismiss plaintiffs' Amended Complaint where this court lacks subject matter jurisdiction, and the Amended Complaint constitutes a shotgun pleading that fails to state a cause of action as to any of the defendants.

## CONCLUSION

**Wherefore**, pursuant to Local Rule 7.1(c), Defendants, respectfully reply to Plaintiffs' Response to Defendants' Motion to Dismiss and request that this Court enter an order dismissing the Amended Complaint for lack of subject matter jurisdiction, and failure to state a cause of action.

Submitted the **3th** day of December 2024.

/s/ Loren E. Levy                                    /s/ Geraldo F. Olivo, III

Loren E. Levy - Trial Counsel              HENDERSON, FRANKLIN,
Fla. Bar No. 0814441                          STARNES & HOLT, P.A.
Sydney E. Rodkey                               Geraldo F. Olivo, III
Fla. Bar No. 1018436                          Florida Bar No. 0060905
The Levy Law Firm                            Post Office Box 280
1828 Riggins Road                             Fort Myers, Florida 33902-0280
Tallahassee, Florida 32308                  Telephone (239) 344-1168
Telephone: 850/219-0220                    jerry.olivo@henlaw.com
E-mail: *eservice@levylawtax.com*       sarah.howie@henlaw.com
        *srodkey@levylawtax.com*
        *gsmith@levylawtax.com*

Counsel for defendants, Mickey L. Bandi,    Counsel for Defendant Okeechobee County
Okeechobee County Property Appraiser,
and Celeste Watford, Okeechobee County
Tax Collector

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2024, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF System and that a copy will be served upon the following

via transmission of Notices of Electronic Filing generated by the CM/ECF System.  I further certify

that copies of the foregoing and the Notice of Electronic Filing will be provided via first-class mail

to any party who has not registered or consented to receiving notices via the CM/ECF System.

**Scott A. Principe** , *pro se*
896 NE 104th Court
Okeechobee, Florida 34974
E-mail: *principescott3@gmail.com*

**Mary Downman Principe** , *pro se*
896 NE 104th Court
Okeechobee, Florida 34974
E-mail: *principemary@gmail.com*

**David A. Steen** , *pro se*
2114 SE 34th Lane
Okeechobee, Florida 34974
E-mail: *murfy196755@gmail.com*

HENDERSON, FRANKLIN,
STARNES & HOLT
*Counsel for Defendant Okeechobee County*
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone (239) 344-1168
jerry.olivo@henlaw.com
sarah.howie@henlaw.com

By: */s/ Geraldo F. Olivo, III*
Geraldo F. Olivo, III
Florida Bar No. 0060905