UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14292-CIV-CANNON/MAYNARD

SCOTT A. PRINCIPE, MARY
DOWNMAN PRINCIPE, and
DAVID A. STEEN,

    Plaintiffs,

vs.

OKEECHOBEE COUNTY MUNICIPALITY,
MICKEY L. BANDI, *Okeechobee County
Property Appraiser*, and CELESTE WATFORD,
*Okeechobee County Tax Collector*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' COMBINED MOTION TO DISMISS

**THIS CAUSE** is before me upon Defendants' Combined Motion to Dismiss ("Motion"), DE 35, which is referred to me for a report and recommendation, DE 37. Having considered the Motion, Plaintiffs' Response, DE 36, Defendants' Reply, DE 38, the record, and the applicable case law, I recommend that the Motion be **GRANTED** for the following reasons.

## BACKGROUND

On September 6, 2024, Plaintiffs, proceeding *pro se*, initiated this lawsuit against Defendants Okeechobee County Municipality, Mickey L. Bandi, and Celeste Watford. DE 1.[1] In

---

[1] This is not Plaintiffs' first federal lawsuit. On January 5, 2024, these same three Plaintiffs filed a similar case against Defendants Okeechobee County Property Appraiser (Mickey L. Bandi) and Okeechobee Tax Collector (Celeste Watford) in their official capacities for damages related to alleged violations of law related to their property rights and taxation of their personal property. *See Principe, et al. v. Okeechobee Co. Property Appraiser, et al.*, Case No. 24-14006-Cannon, DE 1 (S.D. Fla. Jan. 5, 2024). The complaint in this prior case was dismissed without prejudice and without leave to amend on grounds of frivolity. *See id.* at DE 9 (S.D. Fla. Jan. 12, 2024) ("On its face, Plaintiffs' Complaint lacks any arguable basis in law or fact and therefore warrants dismissal under the Court's inherent authority to dismiss a complaint *sua sponte* if the allegations are frivolous, even though Plaintiffs paid the filing fee.").

1

their initial complaint, Plaintiffs alleged that there was no lawful procedure to tax the plaintiffs' property, so plaintiffs' property was unlawfully taxed using commercial taxing procedures. DE 1. The initial complaint asserted eleven counts against Defendants under various provisions of the United States and Florida Constitutions and both federal and state law. *Id.* at 28-39.

On September 9, 2024, this Court issued an Order Dismissing Complaint without Prejudice and Permitting Repleading, which found as follows:

> Even affording Plaintiff the latitude afforded to *pro se* litigants, the Court determines that the Complaint is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B) as an impermissible shotgun pleading in violation of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2). The Complaint consists of a list of allegations without clearly "separating into a different count each cause of action or claim for relief," and it asserts multiple claims "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Additionally, the Complaint alleges several violations of federal and state criminal statutes, which do not provide a private right of action. Finally, the Complaint lacks an understandable factual basis from which to comprehend the genesis of Plaintiffs' claims or how they might interact with violations of law. Because of these defects, the Complaint fails to give Defendants adequate notice of the claims brought against them. Repleader is warranted.

DE 6 at 2-3.

On October 4, 2024, Plaintiffs timely filed an Amended Complaint. DE 14. The Amended Complaint is brought under 42 U.S.C. § 1983 against the "Okeechobee County Municipality," Mickey Bandi in his individual capacity and as the Okeechobee County Property Appraiser, and Celeste Watford in her individual capacity and as the Okeechobee County Tax Collector. *Id.* at 1. There are no attachments to the Amended Complaint.

The Amended Complaint—which is accepted as true for purposes of this Report except where otherwise noted—alleges the following relevant facts. Plaintiffs own property that has been assessed by property appraiser (Mickey Bandi) according to Florida law. *Id.* ¶¶ 9, 14. The tax collector (Celeste Watford) requested that Plaintiffs pay required property taxes and sold tax

certificates to Plaintiffs' property under Florida law. *Id.* ¶¶ 20-21. According to Plaintiffs, the property appraiser, the tax collector, and their respective employees have no training on the Florida constitution, Florida statutes, or the Florida revenue code. *Id.* at ¶¶ 10-13, 16-19. Plaintiffs further allege that the County failed to enforce training for the property appraiser or tax collector that would have prevented "the deprivation of Plaintiffs' property rights" and "the unlawful sale of tax certificates to the Plaintiffs' property without Due Process." *Id.* ¶¶ 22-24.

The Amended Complaint asserts four counts—one involving the County and three involving the property appraiser and tax collector. In Count I against the County, Plaintiffs allege "deprivation by [the County's] agents, servants, or employees, namely Defendants Bandi and Watford." *Id.* ¶ 26. Plaintiffs allege that the County was deliberately indifferent by failing to have the property appraiser or his employees appropriately trained in assessing property and complying with Florida law which "resulted in the practices of simulated legal process by the agents, servants, or employees of [the County] depriv[ing] Plaintiffs of rights and privileges under the Fifth and Fourteenth Amendments of the United States Constitution." *Id.* ¶¶ 28-29. It is further alleged that the property appraiser violated Plaintiffs' substantive rights while under the color of law in assessing Plaintiffs' non-commercial property using methods "that were grossly disproportionate in relation to the need for action." *Id.* ¶¶ 30-31.

Count II alleges that the property appraiser was indifferent to the need for adequate training and supervision of his employees, which violated Plaintiffs' constitutional rights within the meaning of 42 U.S.C. § 1983. *Id.* ¶¶ 34-36. More specifically, Plaintiffs claim the property appraiser's failure to train his employees in proper assessment procedure under the Florida constitution, Florida statutes, and Florida revenue code deprived Plaintiffs "of their substantive natural rights through reckless customs, practices, and policies of the assessment of property." *Id.*

3

at ¶¶ 37-38. Plaintiffs further assert that the property appraiser improperly assessed their properties using a commercial classification. *Id.* at ¶ 39.

Counts III and IV are against the tax collector and similarly allege a violation of Plaintiffs' substantive rights under 42 U.S.C. § 1983. *Id.* ¶¶ 41, 44-45. Count III alleges that the tax collector's indifference to the need for her employees to be adequately trained on the proper procedure to correctly tax property according to Florida laws and the Florida Department of Revenue violated Plaintiffs' constitutional rights. *Id.* at ¶¶ 41-43. Count IV alleges that the tax collector's conduct in selling tax certificates to Plaintiffs' property without any ownership, rights, or interests in the property, and without any lawful authority or due process violated Plaintiffs' constitutional rights and 42 U.S.C. § 1983. *Id.* at ¶¶ 44-47. As to each count, Plaintiffs seek compensatory damages, punitive damages, attorney's fees and costs, and any other relief the court deems just and proper. *Id.* at 5, 7, 8-10.

Defendants have jointly moved to dismiss the Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a redressable claim under Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack jurisdiction facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). Where, as here, the challenge is facial, the court merely evaluates whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are

4

taken as true for the purposes of the motion. *McElmurray v. Consol. Gov. of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

In addition, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Redland Co. v. Bank of Am. Corp.*, 568 F.3d 1232, 1234 (11th Cir. 2009) (explaining that "[t]o survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed"). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Because Plaintiffs are proceeding *pro se*, I liberally construe their pleadings and hold them to a less demanding standard than counseled pleadings. *See Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). I nevertheless remain mindful that a court may not re-write an otherwise deficient pleading in order to sustain an action. *Thomas v. Pentagon Fed. Credit Union*, 393 F. Appx. 635, 637 (11th Cir. 2010)).

## DISCUSSION

Defendants argue that the Amended Complaint should be dismissed for lack of subject matter jurisdiction under the Tax Injunction Act and for failure to state a claim.[2] Plaintiffs counter that Defendants are "using technicalities to evade" the Amended Complaint. Plaintiffs' response also includes excerpts from unidentified sources, which include select citation to miscellaneous cases, laws, and policies. For the reasons explained below, I find dismissal appropriate here because (1) Plaintiffs' claims are jurisdictionally barred and (2) the Amended Complaint fails to state a cognizable claim.

### I.  Plaintiffs' Claims Are Jurisdictionally Barred

Under the Tax Injunction Act:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

28 U.S.C. § 1341. The Tax Injunction Act is jurisdictional and "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237,

---

[2] Defendants raise several alternative arguments, including that Plaintiffs' challenge to the assessments and sale of tax certificates is untimely under Florida law, Plaintiffs fail to state a claim against the County because Defendants Bandi and Watford are not County employees, and Plaintiffs' individual capacity claims against the property appraiser and tax collector are improper in the absence of any allegations of actions taken outside their statutory duties. DE 35 at 11-18, 22-23. These alternative arguments need not be reached in light of my recommended dismissal for lack of jurisdiction and failure to state a cognizable claim.

1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *I.L. v. Alabama*, 739 F.3d 1272, 1282 (11th Cir. 2014) ("The Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'").  The intent to limit federal court jurisdiction in state tax matters is "consistent with and implements the principles of comity between federal and state governments." *See Winicki v. Mallard*, 615 F. Supp. 1244, 1247-50 (M.D. Fla. 1985) *aff'd*, 783 F.2d 1567, 1570 (11th Cir. 1986) (affirming dismissal of § 1983 lawsuit on comity grounds where Florida taxpayers had sued state and county officials (including property and tax collectors), both individually and in their official capacity, alleging that the enactment of a homestead tax exemption statute violated their federal constitutional rights).  Although the Tax Injunction Act bars injunctive relief on its face, it has been judicially expanded by the Supreme Court to include suits for declaratory relief and damages. *Osceola v. Fla. Dep't of Rev.*, 893 F.2d 1231, 1233 (11th Cir.1990) (collecting cases).

Absent a showing by a plaintiff that state law does not provide an adequate remedy for his constitutional claims, federal courts lack jurisdiction to entertain challenges to a state's scheme of taxation. *Colonial Pipeline*, 921 F.2d at 1242.  The Tax Injunction Act bars the exercise of federal jurisdiction when "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'" *Terry v. Crawford*, 615 F. App'x 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)); *see also Bullock v. Paris*, 2024 WL 4717950, at *7  (Nov. 8, 2024) (affirming dismissal of claims against Georgia tax assessors and county tax commissioner as barred by the Tax Injunction Act because plaintiff's "requested relief would enjoin, suspend, or restrain the assessment of his taxes, and is in essence an action for the refund of his taxes").  A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing

and judicial determination at which he or she may raise any constitutional objections to the tax. *Rosewell*, 450 U.S. at 503. To overcome the jurisdictional bar of the Tax Injunction Act, it is a plaintiff's initial burden to show that there is no "plain, adequate, and complete state remedy available." *Winicki*, 783 F.2d at 1570. A § 1983 claim does not remove the jurisdictional bar imposed by the Tax Injunction Act. *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 588 (1995) (federal courts may not award damages or declaratory or injunctive relief under § 1983 in state tax cases). Courts have shown a general "aversion to federal interference with state tax administration" since § 1983 came into existence, *id.* at 586, and the overarching principle of comity precludes taxpayers from "asserting section 1983 actions against the validity of state tax systems in federal courts." *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 (1981).

The claims in this case relate to property taxes. In Florida, "[p]roperty taxes are collected on all non-exempt properties ... as a means of funding counties, school boards, and local governments." *Turner v. Jordan*, 117 F.4th 1289, 1294 (11th Cir. 2024) (quoting *Nikolits v. Haney*, 221 So. 3d 725, 728 (Fla. 4th DCA 2017). Florida has a comprehensive statutory scheme for counties to assess and collect property taxes simultaneously with procedures for taxpayers to challenge their tax assessments. Florida's property tax scheme is managed at the county level by property appraisers, tax collectors, and clerks of the circuit courts. *See* Fla. Const. art. VIII, § 1(d). Each office has its own role in administering the property tax scheme. *See id.* A property appraiser assesses property value, adjusts those values by approving or rejecting exemptions, and certifies this information on the official tax roll. *See* Fla. Stat. §§ 193 *et seq.* A tax collector collects and distributes taxes shown on the tax roll, approves deferrals, and as noted above, sells tax certificates. *See id.* §§ 197 *et seq.* The clerk of the circuit court advertises and conducts tax deed sales, including

sending the required notices and distributing any surplus from the sale. *See id.* §§ 197.522, 197.582.

Florida's Constitution includes a "Taxpayer's Bill of Rights" to "guarantee that the rights, privacy, and property of [Florida] taxpayers . . . are adequately safeguarded and protected during tax levy, assessment, collection, and enforcement processes." Fla. Stat. § 192.0105 (Florida's Taxpayer's Bill of Rights guarantees taxpayers: (1) the right to know, (2) the right to due process, (3) the right to redress, and (4) the right to confidentiality); Fla. Const. art. I, § 25. Florida's Taxpayer's Bill of Rights, and the associated statutes, provide Florida taxpayers with both administrative and judicial remedies. For example, to contest an assessment placed on a taxable property, a Florida taxpayer may initially request an informal conference with the property appraiser or directly file a petition to the local value adjustment board, which initiates formal proceedings involving the presentation of testimony and evidence and results in a written decision with factual findings and legal conclusions. Fla. Stat. §§ 194.011, 194.034. A taxpayer may also file suit in circuit court contesting an ad valorem tax[3] assessment pursuant to Fla. Stat. § 194.171, which confers original jurisdiction to the circuit courts as to "all matters relating to property taxation." *Id.*; *see also* Fla. Const. art. V, § 20(c)(3), ("Circuit courts shall have jurisdiction...in all cases involving legality of any tax assessment or toll"); *Torres v. Wells*, 2017 WL 397609, at *3 (M.D. Fla. Jan. 30, 2017) (acknowledging that because Florida provides judicial review of ad valorem tax assessments, which constitutes a plain, speedy, and efficient remedy, plaintiff could not maintain a § 1983 claim). To contest an error in a tax certificate, Florida also provides its taxpayers with a remedial process. *See* Fla. Stat. §§ 197.443.

---

[3] "Ad valorem tax" means a tax based upon the assessed value of property and may be used interchangeably with the term "property tax." Fla. Stat. § 192.001(1).

9

Florida circuit courts possess broad powers of review. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *City of Deerfield Bch. v. Vaillant*, 419 So.2d 624, 626 (Fla. 1982). The review afforded to Florida circuit courts gives them the power to remedy loss in terms of damages and equitable relief, therefore, the Florida procedures satisfy procedural due process and constitute an adequate state remedy. *McKinney*, 20 F.3d at 1563-64. As the Eleventh Circuit has explained:

> The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Florida courts are also given power to issue declaratory and injunctive relief in tax cases. Furthermore, a Florida taxpayer has the statutory right to seek a tax refund from the state. The Florida Supreme Court has held that this statute authorizes the refund of taxes paid under an unconstitutional law. Moreover, this circuit has held that the Florida tax remedies are "plain, adequate, and complete."

*Osceola*, 893 F.2d at 1233. Thus, the Eleventh Circuit holds that Florida provides a "plain, speedy and efficient" remedy to all aggrieved Florida taxpayers. *Id.*; *see also Lussier v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) (the "Eleventh Circuit Court of Appeals has decided that Florida's courts provide remedies sufficient to satisfy the Tax Injunction Act"). Florida provides all taxpayers a "full hearing and judicial determination" at which time the taxpayer may raise any and all constitutional objections to tax. *Winicki*, 615 F. Supp. at 1248-49, *aff'd*, 783 F.2d at 1570; *see also Osecola*, 893 F. 2d at 1233 ("Florida courts are also given power to issue declaratory and injunctive relief in tax cases."). That taxpayers in Florida have a plain, speedy, and efficient remedy to address tax issues divests federal courts of jurisdiction for actions that attempt to enjoin, suspend, or restrain a state tax assessment.

Here, Plaintiffs' claims are jurisdictionally barred under the governing two-part standard. First, the Amended Complaint seeks relief that would "enjoin, suspend, or restrain" Florida's property tax scheme. *Terry*, 615 F. App'x at 630. All of Plaintiffs' claims against both the County, the property appraiser, and the tax collector stem from what they allege is a wrongful assessment

and taxation of Plaintiffs' property and the alleged failure by Defendants to remedy the error. Plaintiffs challenge the Defendants' training in Florida law and procedure governing property assessment and taxation in Florida, and they further assert that Defendants' have failed to properly train their employes on such procedures. Granting Plaintiffs the monetary relief they seek would require this Court to interfere with Florida's tax system, which would contravene the Tax Injunction Act and the underlying principle of comity that federal courts generally should avoid interfering with state taxation schemes. *See Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991); *Nat'l Priv. Truck Council, Inc.*, 515 U.S. at 586 (it has been "long recognized that principles of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration"). Plaintiffs' damages claims based on federal statutory and civil rights violations are subject to dismissal on the basis that they plainly seek to restrain or suspend state tax collection.

Second, as discussed above, Florida law provides a "plain, speedy, and efficient remedy" for claims derived from tax-assessment challenges. *Osecola*, 893 F.2d at 1233; *Lussier*, 972 F. Supp. at 1422. Plaintiffs could have brought their various claims to the circuit courts as prescribed by Florida law. Any argument by Plaintiffs that they do not have a remedy available to address their claims is without merit. Florida state courts provide a venue for bringing challenges to state tax assessments.

In sum, given that this action seeks to enjoin, suspend or restrain the assessment of taxes and because Florida provides Plaintiffs with sufficient state court remedies, this Court lacks subject matter jurisdiction under the Tax Injunction Act and the principle of comity.

## II. The Amended Complaint Fails to State a Cognizable Claim

Beyond Plaintiffs' claims being jurisdictionally barred, the Amended Complaint also fails to state a cognizable claim. In general, section 1983 is the vehicle through which a party may seek redress from a state governmental entity or employee for a violation of his or her Fourteenth Amendment or other federal constitutional or statutory rights. "To state a claim under Section 1983, a plaintiff must allege facts showing that a person, under color of state law, deprived her of a right protected under the Constitution or laws of the United States ... A person acts under color of state law by acting with power possessed by-virtue of the defendant's employment with the state." *Jeanty v. City of Miami*, 876 F.Supp.2d 1334, 1340 (S.D. Fla. 2012) (citing *Little v. City of North Miami*, 805 F.2d 962, 962 (11th Cir. 1986) and *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995)).

Here, Plaintiffs' purported claims under § 1983 are insufficiently pled. The Amended Complaint is an improvement insofar as Plaintiffs have more concisely set forth alleged facts in numbered paragraphs and separate counts against each Defendant, however the Amended Complaint is still entirely conclusory regarding Defendants' actionable conduct. Plaintiffs generally allege that the County, property appraiser, and tax collector all lacked training in Florida law and procedures and Plaintiffs broadly claim that these Defendants acted under color of law in violation of Plaintiffs' constitutional rights. However, there are no factual allegations to explain how Defendants lack training and in which specific laws and/or procedures. There are similarly

no alleged facts explaining how, when, or why Plaintiffs' rights were violated.[4]  The Amended Complaint consists of "'naked assertion[s]' devoid of 'further factual enhancement'" rendering it legally insufficient.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Just as with their initial complaint, and despite the opportunity to replead, the Amended Complaint continues to "lack[] an understandable factual basis from which to comprehend the genesis of Plaintiffs' claims or how they might interact with violations of law."  *See* DE 6 at 2-3.  Without a comprehensible factual basis, Defendants are left without adequate notice of the claims made against them.  Dismissal is thus warranted on this ground as well.

### III.    Further Amendment Would Be Futile and Dismissal Should be With Prejudice

In general, *pro se* litigants should be given an opportunity to amend their complaint at least once.  *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010).  However, "a district court need not allow amendment if the amended complaint would still be subject to dismissal," and amendment consequently would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, despite having had an opportunity to amend, Plaintiffs have failed to compose a pleading that states a valid claim.  Additionally, their claims are jurisdictionally barred.  Consequently, the Amended Complaint is not subject to remediation or cure and any second

---

[4] Plaintiffs' response includes attached exhibits that were included in their initial complaint, but not their Amended Complaint.  The exhibits include property record cards from 2011, 2020, and 2023-24 and sold tax certificates for Florida properties.  DE 36-1; DE 36-2; DE 36-3; DE 36-4. Plaintiffs neither cite nor explain any of these exhibits in the body of their response.  Notably, an "amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment and is no longer a part of the pleader's averments against his adversary." *Pintando v. Miami-Dade Housing Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007) (quotations omitted and citing *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.")).  Moreover, even if the documents could be properly considered, they would not change the outcome.  On the contrary, they lend support to the finding that Plaintiffs' claims pertain to quintessential state matters of taxation for which this Court lacks jurisdiction.

amended complaint would be futile.  Thus, the Amended Complaint is subject to dismissal with prejudice and without leave to amend.

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' Combined Motion to Dismiss, DE 35, be **GRANTED**; that the Amended Complaint be **DISMISSED WITH PREJUDICE**; and that this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of Non-Objection within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 3rd day of April, 2025.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE