UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT PIERCE DIVISION

Case No. 24-CV- 14292-AMC

Judge Canon

Scott A. Principe, and

Mary Downam Principe,

David A. Steen,

Plaintiffs,

v.

Okeechobee County Municipality,

Okeechobee County Property Appraiser,

Mickey L. Bandi,

Okeechobee County Tax Collector,

Celeste Watford,

Defendants,

_____/

### PLAINTIFFS OBJECTION AND RESPONSE TO THE MAGISTRATE MAYNARDS' REPORT AND RECOMMENDATION ON DEFENDANTS' COMBINED MOTION TO DISMISS

Comes now Plaintiffs Scott A. Principe, and Mary Downam Principe, David A. Steen, **objection to** The Magistrate Maynards' Report and recommendation on the Defendants' combined motion to dismiss [DOC 35, 38,]. The Plaintiffs have carefully read and respectfully move the court to find in disagreement with The Magistrate Maynards' Report and Recommendation and dismiss the Defendants' motion to dismiss with prejudice for the following reasons.

## INTRODUCTION AND BACKGROUND

Plaintiffs filed initial complaint [DOC.1] with attachments (evidence exhibits) on 9/6/24 then on 9/9/24 the Court issued an Order Dismissing Complaint without Prejudice and Permitting Repleading, Plaintiffs filed an Amended Complaint [DOC.14] P.10 No. 48 Plaintiffs, realleges and reincorporates all evidence filed into the court. Plaintiffs then filed [DOC.36] Plaintiffs' Response To Defendants' Motion To Dismiss on 11/25/24 with same attachments (evidence exhibits) filed in with [DOC.1]. Defendants claim the TAX INJUCTION ACT Bars this Honorable Courts Jurisdiction, Defendants claim they were following the laws of the Florida Constitution, Statutes, DOR.Codes. Defendants have no training in the Florida Constitution, Statutes, and DOR.Codes.

## RESPONSE AND MEMERANDOM OF LAW

1. The V Amendment of the United States Constitution states "nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." Through the abuse and the manipulation of the Tax Injunction Act the Defendants are trying to turn this into a tax case, but the Defendants would have to be following the Florida Constitution, Statutes, and DOR Codes for this to be a tax case. This is an unlawful taking, by the Municipality's State Actors acting under color of the law violating the V Amendment of the United States Constitution and Federal Statute U.S.C. 42 § 1983. Section 1983 creates a Federal cause of action for deprivation of rights under the color of law, secured by the Federal Constitution and laws. See (Knick v. Township of Scott, Pennsylvania).

1

a) F.S. 195.027 (2024) (1) Has no ambiguity, it is very clear that The Department of Revenue shall prescribe reasonable rules and regulations for the assessing and collecting of taxes, and such rules and regulations **shall be followed by the property appraisers, tax collectors, clerks of the circuit court, and value adjustment boards. It is hereby declared to be the legislative intent that the department shall formulate such rules and regulations that property will be assessed, taxes will be collected, and the administration will be uniform, just, and otherwise in compliance with the requirements of the general law and the constitution.**

b) F.S. 195.027 (4) (b) For the purposes of this subsection, a class of property shall include only those items which are substantially similar in use. Nothing in this chapter shall authorize the department to prescribe a return requiring information other than that contained in this subsection; nor shall the department issue or promulgate any rule or regulation directing the assessment of property by the consideration of factors other than those enumerated in s. 193.011. The F.S.193.011 (2024) **Factors to consider in deriving just valuation.** – In arriving at just valuation as required under **s. 4, Art. VII of the State Constitution**, the property appraiser shall take into consideration the following factors: s. (7) The income from said property. The Defendants clearly do not follow these rules and regulations.

c) F.S. 195.073 (2024) **Classification of property.** – All items required by law to be on the assessment rolls must receive a classification based upon the use of the property. The department shall promulgate uniform definitions for all classifications. The department may designate other subclassifications of property. No assessment roll may be approved by the department which does not show proper classification. (1) (a) 2. Mobile homes.

2

    The Mobile home classification DOR.Code No. 0200 as on the Plaintiffs' assessments is defined by the DOR. In 12D-6.001 Mobile Homes and Prefabricated or Modular Housing Units Defined. (1) (a) (b) (c) (d) F.S. 723.003 (2024) **Mobile Home Park Lot Tenancies** s. (2) "Division" means the Division of Florida condominiums, Timeshares, and Mobile Homes of the Department of Business and Professional Regulation. s. (9) "Mobile home lot" means a lot described by a park owner pursuant to the requirements of s. 723.012, or in a disclosure statement pursuant to s. 723.013, as a lot intended for the placement of a mobile home. s. (11) "Mobile home owner," "mobile homeowner," "home owner," or "homeowner" means a person who owns a mobile home and rents or leases a lot within a mobile home park for residential use. s. (12) "Mobile home park" or "park" means a use of land in which lots or spaces are offered for rent or lease for the placement of mobile homes and in which the primary use of the park is residential. s. (13) "Mobile home park owner" or "park owner" means an owner or operator of a mobile home park.

d)   The Defendants have not disputed, shown, or answered how the Plaintiffs go from the Natural Person exercising their rights to enjoy and defend life and liberty, to pursue happiness and to acquire, possess and protect property as protected and guaranteed in Article I s.2. of the Florida Constitution the V Amendment of the United States Constitution states nor be deprived of life, liberty, or property, without due process of law, to being a legal entity classified as the owner of a mobile home park to become the person or other legal entity in whose name property is assessed, including an agent of a timeshare period titleholder defined in F.S.192.001 s. (13) and F.A.C. 12D-1.002 s.(4) (taxpayer) without acting under the color of law and falsifying records is astounding to the Plaintiffs that they call this being in compliance with law.

3

2. The Magistrate's Report mentions "Taxpayer's Bill of Rights" in the Florida Constitution Article I Section 25. and F.S. 192.0105 but does not speak of the Natural Persons' Basic Rights in Florida Constitution Article I Section 2. or F.S.70.002 PROPERTY OWNER BILL OF RIGHTS.

   a) Plaintiff Scott Principe has had many informal conferences with Defendant Bandi.

   b) Defendant Bandi gave Plaintiff Scott Principe a V.A.B. application, and the Clerk Thomas Hudek's phone number Plaintiff Scott Principe spoke with Thomas Hudek about the same subject spoken with Defendant Bandi and Thomas Hudek told Plaintiff there was not a place on the V.A.B. application for him, that it was for businesses.

   c) The Defendants have not proven nor shown nothing more than statutes for the person or other legal entity in whose name property is assessed defined in F.S. 192.001 s. (13) "Taxpayer" and F.A.C. 12D-1.002 s. (4) "Taxpayer". The Defendants have failed to show or prove the Plaintiffs are the Person or other legal entity and the owners of a Mobile home park as the law defines and requires. Wherefore Defendants are acting under color of the law within the meaning of Title 42 U.S.C. 1983.

   d) The laws are well written if they were not written the way they are they would violate the Plaintiffs' rights to own property and sustain life therefore violating the United States Constitution depriving the Plaintiffs of life and property, but the Florida State laws are in concert with the Constitution it is the Municipality's State actors not following the laws and Constitution.

3. The Defendants have no training, therefore how could they know that they are following the laws but instead following Customs and Practices.

a) Defendant Bandi, in one of the many informal conferences, told Plaintiff Scott Principe that they had no training that they give it to the Attorneys.

b) The Plaintiffs confirmed that with a record request with the Property Appraiser's Custodian of records. **See exhibit (1)**

c) Plaintiff Scott Principe also spoke with Defendant Watford's Office Manager after multiple attempts to speak with Watford didn't get any answers from the Office Manager, she couldn't explain anything that was asked.

d) Plaintiffs made a record request in the training of Defendant Watford and her subordinates from the custodian of records for the Tax Collector, getting the same results as the Property Appraiser's office. **See exhibit (1A)**

4. Defendant Bandi using a DOR Code 0200 to assess the Plaintiffs' property (shelter) meant for a legal entity is within the meaning of Tile 42 U.S.C. 1983.

5. Defendant Watford using the falsified assessment meant for a legal entity and sending the Plaintiffs false tax claims meant for a legal entity is within the meaning of Title 42 U.S.C. 1983.

6. Defendant Watford using a falsified assessment meant for a legal entity to collect false tax claims meant for a legal entity to produce falsified tax certificates and use to deprive the Plaintiffs of their property (shelter) is clearly within the meaning of Title 42 U.S.C. 1983.

7. The municipality in the absence of a policy for the training of Defendant Bandi and Defendant Watford and their subordinates to be in compliance with the laws could have prevented a constitutional violation upon the Plaintiffs.

a) Defendant County if they had a policy for the training of the Property Appraiser and Tax Collector and their subordinates, they would have already provided it as evidence, yet they have not.

b) The Plaintiffs already have the proof they do not have any training the need for more or different training is so obvious, and the policymakers can reasonably be said to have been deliberately indifferent to the need.

8. The defendants allege the Plaintiffs have no facts to their allegations or claims but the Plaintiffs can prove every allegation and claim they have made.

a) The Plaintiffs have provided very clear law that the Defendants have not rebutted or even said anything about them or how they are in compliance with those laws.

b) How can the Defendant Bandi make the Natural Person a Legal Entity just by using a Legal Entity's DOR Code 0200 on the Plaintiffs' assessment is within the meaning of Title 42 U.S.C. 1983 deprivation of rights under the color of law. **See exhibit (2, and 2A) See also (FS 195.073 s (1) (a) 2.).**

c) How does Defendant Watford then force the legal entities' assessment onto the Natural Persons (Plaintiffs) and force them to give them money or they will take their shelter is within the meaning of Title 42 U.S.C. 1983 deprivation of rights under color of the law. And making them involuntary servitudes to the municipality. **See exhibits (3, and 3A).**

## CONCLUSION

The Plaintiffs have pleaded with law that has not been disputed or answered and evidence showing that Defendant Bandi and his subordinates have no training and Defendant Watford, and her subordinates have no training which would explain their simulation of law leading to their

customs and practices. Defendant County has not shown they do or don't have a training policy in place to prevent a Constitutional violation on the citizenry in general and the Plaintiffs in particular. The Plaintiffs have shown with law and evidence that Defendant Bandi assessed the Plaintiffs' property under the color of law. The Plaintiffs have shown with evidence that Defendant Watford is using falsified assessments to make false tax claims and if not paid an unlawful taking of the Plaintiffs' property takes place within the meaning of Title 42 U.S.C. 1983 and violation of the V Amendment of the United States Constitution (**See 17 -647 Knick v. Township of Scott, Pennsylvania**). An unlawful taking can go directly to the Federal court. The laws and evidence are very clear and show unlawful activity to take money and property under the color of law.

**WHEREFORE** Plaintiffs respectfully move the court to find in disagreement with The Magistrate Maynards'Report and Recommendation and deny the Defendants motion to dismiss with prejudice and find in favor to continue the Plaintiffs' Due Process.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be sent after filing with the Clerk of Court by

_EMAIL_ on _4/16/25_

On all counsel or parties of record below

_[signature]_
Signature of filer

| | |
|---|---|
| Loren E. Levy, Esquire | Geraldo F. Olivo, III, Esquire |
| Fla. Bar No. 0814441 | Fla. Bar No. 0060905 |
| Sydney E. Rodkey, Esquire | Henderson Franklin Starnes & Holt P.A |
| Fla. Bar No. 1018436 | Post Office Box 280 |
| The Levy Law Firm | Fort Myers, Florida 33902-0280 |
| 1828 Riggins Road | Telephone (239) 344-1168 |
| Tallahassee, Florida 32308 | jerry.olivo@henlaw.com |
| eservice@levylawtax.com | sarah.howie@henlaw.com |
| srodkey@levylawtax.com | Counsel for Defendants Okeechobee County |
| gsmith@levylawtax.com | |
| Counsel for Defendants, Mickey L. Bandi, Okeechobee County Property Appraiser, And Celeste Watford, Okeechobee County Tax Collector | |

## SERVICE LIST

| | |
|---|---|
| Scott A. Principe | Mary Downam Principe |
| Principescott3@gmail.com | principemary@gmail.com |
| 896 NE. 104thCT. | 896 NE. 104th CT. |
| Okeechobee FL. 34974 | Okeechobee FL. 34974 |
| 863-634-8256 | 863-634-8257 |
| *[signature]* | *[signature]* |

David A. Steen

Murfy196755@gmail.com

2114 SE. 34th LN.

Okeechobee FL. 34974

863-697-2243

*[signature]*

4/16/25