UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14292-CIV-CANNON

SCOTT A. PRINCIPE, MARY DOWNMAN
PRINCIPE, and DAVID A. STEEN,

      Plaintiffs,

v.

OKEECHOBEE COUNTY MUNICIPALITY,
MICKEY L. BANDI *Okeechobee County Property Appraiser*,
and CELESTE WATFORD *Okeechobee County Tax Collector*,

      Defendants.

_____/

**ORDER ACCEPTING, WITH CLARIFICATION, MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 39]**

      **THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs'

Amended Complaint (the "Motion") [ECF No. 35].  The Motion was referred to Magistrate Judge

Shaniek M. Maynard for a report and recommendation [ECF No. 37].  On April 3, 2025, Judge

Maynard issued a report recommending that Defendants' Motion be granted and that Plaintiffs'

Amended Complaint be dismissed with prejudice (the "Report") [ECF No. 39].  Plaintiffs filed

Objections to the Report [ECF No. 41].[1]  The Court has reviewed the Report [ECF No. 37],

Plaintiff's Objections [ECF No. 41], Defendants' Response [ECF No. 42], and the full record.  For

the reasons set forth below, the Report [ECF No. 37] is **ACCEPTED** with a limited clarification

as indicated below, the Motion [ECF No. 35] is **GRANTED**, and Plaintiffs' Amended Complaint

---

[1] Defendants filed a Notice of No Objection to the Report [ECF No. 40].

[14] is **DISMISSED WITHOUT PREJUDICE** in part and **DISMISSED WITH PREJUDICE** in part.  No repleading in this action is permitted.

### RELEVANT BACKGROUND

On September 6, 2024, Plaintiffs filed their *pro se* Complaint against Defendants, alleging that Plaintiffs' property was improperly assessed and taxed in violation of the United States and Florida Constitutions and federal and state law [ECF No. 1].  The Court dismissed the Complaint as an impermissible shotgun pleading and cautioned Plaintiffs that the pleading listed several statutes that do not provide for a private right of action [ECF No. 6].  Plaintiffs then filed the operative four-count Amended Complaint under 42 U.S.C. § 1983 against the "Okeechobee County Municipality," Mickey Bandi in his individual capacity and as the Okeechobee County Property Appraiser, and Celeste Watford in her individual capacity and as the Okeechobee County Tax Collector [ECF No. 14].  The Amended Complaint alleges that the property appraiser (Mickey Bandi) and the tax collector (Celeste Watford), and their respective employees, lack training on Florida law [ECF No. 14 p. 2].  It further alleges that the County failed to provide Watford or Bandi with training that could have prevented "the deprivation of Plaintiffs' property rights" and "the unlawful sale of tax certificates to the Plaintiffs' property without Due Process" [ECF No. 14 pp. 2, 4].

On November 13, 2024, Defendants filed the instant Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice, arguing that the Court lacks subject matter jurisdiction over the case under the Tax Injunction Act, which requires that state tax disputes be brought in state court [ECF No. 35 pp. 9–10].  Defendants further argue that, even if the Court did have subject matter jurisdiction, the Amended Complaint remains a shotgun pleading that fails to state a claim

for relief [ECF No. 35 pp. 14–16].[2]   On April 3, 2025, Judge Maynard issued a report recommending that Defendants' Motion be granted, and the Amended Complaint be dismissed with prejudice [ECF No. 39]. The Report is ripe for adjudication [ECF Nos. 40, 41, 42].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.

## DISCUSSION

The Report recommends that the Court grant Defendants' Motion and dismiss the Amended Complaint with prejudice for two reasons: (1) Plaintiffs' claims are attempts to "enjoin, suspend or restrain the assessment of taxes" and are therefore jurisdictionally barred under the Tax Injunction Act, 28 U.S.C. § 1341; and (2) the Amended Complaint fails to state a claim under 42 U.S.C. §1983 because it fails to demonstrate how Plaintiffs' rights were violated [ECF No. 37].

---

[2] Defendants asserted several other secondary arguments for dismissal, which Magistrate Judge Maynard did not reach given her recommendation that the Court lacks jurisdiction and the Amended Complaint fails to state a claim for relief [ECF No. 37 n. 2].  The Court agrees and does not address Defendants' timeliness argument or the individual-capacity arguments under 42 U.S.C. § 1983.

Plaintiffs do not offer any discussion or lodge any objection to the Report's jurisdictional analysis and conclusion.  Instead, they double-down on the argument that Defendants Bandi and Watford were acting under color of law when assessing and imposing Plaintiffs' property taxes, adding that all Defendants generally acted in violation of various state and federal laws [ECF No. 41].   Defendants note these "unclear arguments" in their Response, arguing that Plaintiffs' mere repetition of allegations presented in the Amended Complaint and corresponding failure to launch actual, specific objections to the Report warrants acceptance of the Report and dismissal of the case [ECF No. 42].

The Court agrees with Defendants.  Federal Rule of Civil Procedure 72, along with the Eleventh Circuit's caselaw on the subject, make clear that a party must "file specific written objections" to a Report.  Fed. R. Civ. P. 72(b)(2); *Macort*, 208 F. App'x at 784 ("It is critical that the objection be sufficiently specific and not a general objection to the report."). Once those specific objections are made, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Here, Plaintiffs' "objections" do not address the Report but simply reiterate arguments made in the Amended Complaint.  Therefore, there is nothing in Plaintiffs' so-called Objections for the Court to address.

To the extent the Court is required nevertheless to review the Report's legal conclusions de novo, *but see* 11th Cir. R. 3-1, the Court finds them to be well reasoned and correct.  The Tax Injunction Act provides that, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."  28 U.S.C. § 1341.  "It is well settled that 'the Tax Injunction Act will bar the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will enjoin, suspend, or restrain a state tax assessment and (2) the state affords the

CASE NO. 24-14292-CIV-CANNON/Maynard

plaintiff a plain, speedy and efficient remedy.'" *Terry v. Crawford*, 615 F. App'x 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan,* 745 F.2d 1406, 1411 (11th Cir. 1984)).  Plaintiffs' Amended Complaint plainly seeks redress for an allegedly incorrect tax assessment and the imposition of additional training protocols for Florida state tax collectors and appraisers, effectively asking this Court to restrain tax assessment and collection under Florida law through the imposition of additional educational requirements.  And second, Florida courts provide "a plain, speedy, and efficient remedy" for claims that seek review of state taxing schemes. *Id.*  The Report's conclusion that the Tax Injunction Act deprives this Court of subject matter jurisdiction over Plaintiffs' tax-related claims is correct.

The same can be said for the Report's conclusion that Plaintiffs' Amended Complaint fails to state a claim for relief pursuant to 42 U.S.C. § 1983, because the pleading is devoid of facts explaining how Plaintiffs' constitutional rights were violated [ECF No. 37 p. 12].  Plaintiffs' Amended Complaint features conclusory allegations that Defendants' lack of training somehow led to a deprivation of Plaintiffs' rights.  This generalized style of pleading with no facts to support the assertions made falls woefully short of the *Iqbal/Twombly* standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 39] is **ACCEPTED** with a limited clarification.  Dismissal must be without prejudice to the extent Plaintiffs seek to enjoin or restrict the assessment or collection of taxes under Florida law, *see, e.g.*, *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235

CASE NO. 24-14292-CIV-CANNON/Maynard

(11th Cir. 2008), and with prejudice to the extent Plaintiffs purport to seek relief under 42 U.S.C. § 1983.

2. Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 35] is **GRANTED** in accordance with this Order.[3]

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 12th day of June 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] No repleading in this action is warranted; Plaintiffs were afforded a previous opportunity to replead [ECF Nos. 1, 6, 14], and any reformulation of these tax-based claims would be futile given the Court lack's jurisdiction over their claims.